Harriet M. Woodford et al., Appellants, v. I. O. Glass et al., Appellees.

DEEDS: Estate Conveyed—Rule in Shelley's Case.  A deed convey-
1   ing real estate to a grantee ''and her heirs and their assigns forever  *  *  *  to have and to hold the same to the said (grantee) during her natural life and to her heirs and assigns forever  *  *  *  it being distinctly understood that all conveyances made by the said (grantee) shall be null and void'' conveys a fee simple estate and not a life estate, under the rule in Shelley's case.

DEEDS: Rule in Shelley's Case—Abolition of—Effect.  Estates,
2   vested under the rule in Shelley's case prior to the enactment of Sec. 2924-a, Supp. Code, 1913, abolishing said rule, remain undisturbed by said statute.

DEEDS: Fee—Life Estate—Restriction on Alienation.  The clear
3   grant of a fee or life estate cannot be clogged by a clause against alienation.

STATUTE OF LIMITATIONS: Life Tenant—Remainderman—Ac-
4   crual of Action.  Action for recovery of real property is barred in ten years from the time the right of action accrues.

> PRINCIPLE APPLIED:  An ancestor, under conveyance, became vested with a fee title by operation of the rule in Shelley's case, and conveyed the property to others who went into possession. Certain heirs claimed the ancestor only took a life estate under the conveyance. They delayed action more than 10 years after the death of the ancestor. *Held,* that if it be conceded that the ancestor only took a life estate, the cause of

action accrued in favor of the remainderman on the death of the ancestor and was barred.

*Appeal from Linn District Court.*—HON. F. O. ELLISON, Judge.

SATURDAY, DECEMBER 19, 1914.

SUIT for partition of real estate.

The plaintiffs claimed an interest in about four hundred acres of land in Linn County. The defendants answered that as to three hundred twenty acres of land the plaintiffs had no interest and as to the remaining lands the suit was premature.

There was a decree dismissing the petition.

The plaintiffs appeal.—*Affirmed.*

*I. N. Flickinger, Voris & Haas,* and *Mayne & Green,* for appellants.

*Lewis Heins, N. M. Hubbard,* and *Dawley & Wheeler,* for appellees.

EVANS, J.—The plaintiffs are heirs at law of Eliza Glass and John P. Glass, wife and husband, formerly residents of Linn County. The defendants include the other heirs at law of the same ancestors and certain grantees of lands conveyed by such ancestors in their lifetime. In 1852, Eliza Glass received from John Dodge, her father, a deed conveying certain 320 acres of land. Some of such land was subsequently conveyed by her to N. M. Hubbard, whose heirs are parties defendant. Some of it was conveyed to her children. The residue she devised to her husband who survived her. She died in February, 1890. Her various grantees and her devisee husband all entered into possession of their respective tracts and all continued in possession of same by themselves or their successors in title until the beginning of this suit. The husband, John P. Glass, died testate in 1900. By his will he created a trust to be executed by his executors and to be continued for twenty years; and all his property was devised to

his executors in trust for the specified purpose. Ten children were born to Eliza and John Glass, of which nine survived both parents. One daughter died prior to 1890, leaving surviving her a daughter, Mabel Seagrave, plaintiff herein. The other plaintiff, Harriet M. Woodford, is a daughter.

The main controversy between the parties centers upon the deed of conveyance to Mrs. Glass from her father of the 320 acres. The precise question at this point is: Did Mrs. Glass take a fee simple estate under the conveyance from her father, or did she take a life estate only with remainder over to her heirs? So far as it is material for our consideration such deed was as follows:

1. DEEDS : estate conveyed: rule in Shelley's case.

". . . I do hereby bargain, sell and convey unto the said Eliza A. Glass and her heirs and their assigns forever the following tracts or parcels of land situated in the County of Linn and State of Iowa, . . . To have and to hold the same to the said Eliza A. Glass during her natural life and to her heirs and assigns forever, and I, the said John Dodge, for myself, my heirs, executors and administrators, do covenant to and with the said Eliza A. Glass, during her natural life, and to her heirs and their assigns to warrant, secure and defend the above described premises to the said Eliza A. Glass, during her natural life, and to her heirs and their assigns forever against the lawful claims of all persons whomsoever, it being distinctly understood that all conveyances made by the said Eliza A. Glass shall be null and void." It is contended for the plaintiffs that by this deed a life estate only was conveyed to Mrs. Glass. This contention is based upon the proposition that the intention of the grantor to convey to Mrs. Glass a life estate only stands out plainly upon the face of the conveyance. The plaintiffs claim title to the remainder over under the terms of such conveyance.

For the defendants it is contended that the form of the conveyance brings it squarely within the rule in Shelley's

case and that it must, therefore, be construed as conveying a fee simple title to the first taker, Mrs. Glass.

That the form of the conveyance brings it unequivocally within the Shelley rule is beyond the pale of argument. That prior to our recent legislation (chapter 159, 32 G. A.) the Shelley rule was in force in this state and was a rule of property was finally settled in *Doyle v. Andis,* 127 Iowa 36, and *Kepler v. Larson,* 131 Iowa 438. The later legislative

2. DEEDS : rule in Shelley's case : abolition of : effect.

abolishment of this rule was not retrospective in its operation nor did it purport to be so. The rights of the parties hereto were already vested under the operation of such rule. The distinction in the application of such rule as between a conveyance and a will is pointed out in *Westcott v. Meeker,* 144 Iowa 311, and *Westcott v. Binford,* 104 Iowa 645. The last clause of the

3. DEEDS : fee : life estate : restriction on alienation.

conveyance before us which purports to forbid any future conveyance by the grantee is plainly nugatory because repugnant to the grant. And this is so whether the estate conveyed be deemed a life estate or an estate in fee simple to the first taker. The restriction is inconsistent with either estate. *Law v. Douglass,* 107 Iowa 606; *Farbell v. Smith,* 125 Iowa 388. It is clear, therefore, that Mrs. Glass took a fee simple title under the conveyance from her father. Her grantees necessarily took a like title. The rule of property here involved and its application is extensively discussed in the cited cases and no useful purpose can be subserved by a present repetition of the discussion.

II. Our foregoing conclusion is decisive of the principal controversy. We will only note briefly here some other matters in the record which tend to the same result. Dodge, grantor

4. STATUTE OF LIMITATION : life tenant : remainder-man : accrual of action.

in the deed to Mrs. Glass, had title only to one hundred sixty acres of the land therein conveyed. The title to the other one hundred sixty was in another person from whom Mrs. Glass acquired it many years later. Eighty acres of the land

in controversy was at one time conveyed by Mrs. Glass and her husband to their daughter Harriet, plaintiff herein. Harriet mortgaged it with full covenants of warranty and later conveyed it back to her mother with like covenants. The defendants pleaded the statute of limitations. This suit was begun in May, 1902, which was more than twelve years after the death of Mrs. Glass. As against this, it is urged that the defendants and plaintiffs were tenants in common and that therefore the statute would not run. The possession of the residue, however, was in John P. Glass, the father. He held such possession as sole devisee under the will of Mrs. Glass. He was not a tenant in common with anyone. True, several of his children were living with him as members of his family, but this would not change the nature of his possession. That his possession was adverse in a legal sense is beyond debate. The grantees under deeds made by Mrs. Glass in her lifetime were likewise in exclusive possession of their tracts. If Mrs. Glass held only a life estate, then at her death the right of action of the remaindermen clearly matured. Whether the right of action, if any, arose before her death as contended by appellee we need not consider.

It is urged for plaintiff, Mabel Seagrave, that she attained her majority "less than ten years before the suit was begun." This plaintiff was born in December, 1881. She therefore attained her majority in December, 1899. She was not barred by the statute until the expiration of one year after attaining her majority. The statute had fully run against her for more than one year before the beginning of her suit. So far, therefore, as this tract of land was concerned the plea of the statute of limitations was good. Some other matters of controversy appear in the record but the parties have filed a stipulation withdrawing them from our consideration. In ordering the affirmance of the case, therefore, it will be subject to the reservations of such stipulation. If deemed necessary by either

party, a formal order will be entered preserving the rights of the parties under such stipulation.

The decree of the district court is—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.