CHARLES B. ALT, Appellee, v. W. W. YOUNG et al., Appellants.

**DEEDS:** Construction—Rule in Shelley's Case—Life Estate Enlarged
1  to Fee. A deed to grantee "and to her heirs * * * to have and hold the same *during her natural life,* and at her death to descend to her heirs, the intention being to convey to the said (grantee) *a life estate* * * * with reversion in her heirs at her death," conveys not a life estate but a fee, under the Rule in Shelley's Case. (See Sec. 2924-a, Code Supp., 1913.)

**JUDGMENT:** Judgment as Bar—Decree Beyond Issues—Estoppel.
2  Principle recognized that an estoppel may not be predicated on that part of a decree which assumes to adjudicate issues not litigated.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

APRIL 5, 1917.

REHEARING DENIED DECEMBER 14, 1917.

ACTION for specific performance. There was a decree for plaintiff, and defendants appeal.—*Affirmed.*

*Remley & Abrams* and *O. A. Byington,* for appellants.

*Henry Negus,* for appellee.

1. DEEDS: construction: Rule in Shelley's Case: life estate enlarged to fee.

PRESTON, J.—The plaintiff contracted to convey to the defendants Young and Bowman the land in question, and to furnish an abstract showing a merchantable title. Said defendants refused to accept the title as shown by the abstract tendered; hence this

suit. Joseph C. and David W. Wray and Clara C. Custer are the brothers and sister of Elizabeth Ann Alt, to whom was given a life estate by the deed hereinafter referred to, and defendant Albert C. Oaks is the son of a sister of said Elizabeth's. Defendants filed a cross-petition, asking that their rights be determined and adjudicated. Elizabeth Ann Alt is the wife of plaintiff. They had but one child, who was born in 1891, before the deed in question was executed, and before the death of the grantor therein, her grand-father, and she is still living. Mrs. Alt conveyed all her interest in the land to the plaintiff, prior to the execution of the contract of sale to defendants Young and Bowman, and the daughter of plaintiff and Mrs. Alt conveyed her interest to plaintiff, the daughter's husband joining therein. On July 7, 1898, Carson B. Wray executed a deed to his daughter Elizabeth, wife of plaintiff, conveying the land in question. The deed conveys the following:

"Do hereby sell and convey unto said Elizabeth Ann Alt, and to her heirs, the following described premises: (description), and to have and to hold the same during her natural life, and at her death to descend to her heirs. The intention being to convey to the said Elizabeth Ann Alt a life estate in the above described property, with reversion in her heirs at her death."

This deed was placed in the hands of a sister of the grantee's as trustee. The trustee and the grantor died within a few hours of each other, and the deed was found among the papers of the trustee after the death of the trustee and the grantor. The grantor died March 1, 1899, and Mrs. Alt took possession of the land soon after her father's death. One of the defendants' witnesses testifies that the effect of the deed had been discussed before, and had all been settled. The deed had been delivered to Mrs. Alt by her brother Joseph, and, though she was in

2. JUDGMENT: judgment as bar: decree beyond issues: estoppel.

possession of the land, the deed had not been delivered to her by anyone having authority. For the purpose of establishing that the deed was rightfully in the possession of Mrs. Alt, an action was brought by her in 1900. There appears to have been no dispute between the parties to that suit, the defendants therein, or some of them, consenting to the decree. The decree in that case, among other things, recites that the deed described in plaintiff's petition was placed in the hands of Catherine J. Wray in her lifetime by Carson B. Wray, in trust for the use and benefit of plaintiff, to be delivered to her by said trustee after the death of said Carson B. Wray; and but for her (the said trustee's) death before the death of the said Carson B. Wray, she would have been in duty bound, upon his death, to deliver said deed to the plaintiff. And it is found by the court that said deed would have vested, and did vest, in the plaintiff a life estate (in the premises in controversy), and that such title was vested on the 1st day of March, 1899, and that the plaintiff from that time became and was entitled to the possession of said land and all rents and profits and the enjoyment thereof, and it authorized the recording of the deed.

It seems to be conceded by all parties that the question in the case is whether the three deeds and the decree before referred to show a merchantable title in the plaintiff at the time the contract was executed between plaintiff and defendants Young and Bowman. One contention of appellee's is that the deed to Mrs. Alt by her father gives her the fee, because, as he says, the Rule in Shelley's Case applies.

1. Appellants claim that, by the decree just referred to, it was adjudicated that Mrs. Alt took only a life estate, and that the decree is a verity and may not be attacked collaterally, and that appellee is estopped by the decree in the former suit to now claim that Mrs. Alt is the owner of more than a life estate, as provided in the decree. To meet

this, appellee contends that the purpose of the original action involved only the question of the delivery of the deed; that he is not making a collateral attack, but simply claiming that the matter in controversy in the suit at bar was not in controversy in the former action; and that, therefore, the decree in no way affects the question in dispute,— and this because appellants plead the decree in the former action as a bar or estoppel in this case; and that, to be available as an estoppel, the matter in question in the present suit must necessarily have been decided; and that it will not be enough that it may have been. On this issue, all the pleadings in the original action were introduced in evidence, and evidence was introduced on behalf of plaintiff, over objection, as to conversations with plaintiff's attorneys in that case, tending to show that it was their understanding, and that the only matter discussed was as to the question of the delivery of the deed. On the other hand, some of the defendants in this case, who were the defendants in the former action, introduced evidence tending to show that their understanding was that the question of title was involved in the first action. But they also testify that they are not in this action claiming any right in the land, except that given by the deed to Mrs. Alt, if it gives them any right. As sustaining the claim that Mrs. Alt took by the deed a fee title, plaintiff cites *Woodford v. Glass,* 168 Iowa 299; *Daniels v. Dingman,* 140 Iowa 386; *Doyle v. Andis,* 127 Iowa 36; *Kepler v. Larson,* 131 Iowa 438; while appellants' contention at this point is that Mrs. Alt did not take the fee by the deed, but that, as in the *Westcott* case, a devise of property to a son to hold during his natural life, with rents and profits for such time, and provided that he should have no power to convey for a period longer than his life, and that at his death the property should descend to his heirs, creates a life estate, with a contingent remain-

der over to his heirs, vesting only at the death of the devisee (citing *Westcott v. Meeker,* 144 Iowa 311).

Plaintiff also contends that, by the deed to Mrs. Alt, the most that defendants could claim is that she took a life estate with remainder over, and that it was a vested remainder; and they say that, because Mrs. Alt then had a daughter, a person in being who would have an immediate right to the possession of the land should the life tenancy terminate, such person has a vested remainder (citing *Shafer v. Tereso,* 133 Iowa 342; *Archer v. Jacobs,* 125 Iowa 467; *Moore v. Littel,* 41 N. Y. 66; 2 Cooley's Blackstone 164, Note; 24 Am. & Eng. Encyc. of Law 388); and that courts favor the vesting of estates if it can be done without manifest violation of the intention of the donor (citing *Ross v. Ayrhart,* 138 Iowa 117).

Plaintiff also says that, because the estate taken by Mrs Alt's daughter was a vested remainder, by the conveyances by the daughter and Mrs. Alt, both the life estate and the remainder in fee met in the same person, plaintiff, without any intervening estate, and that the result is that the life estate is merged in the inheritance, and the owner's title becomes absolute.

We are inclined to adopt plaintiff's view, that Mrs. Alt took the fee, under the Rule in Shelley's Case as it stood at the time of this transaction, as stated in the four cases first cited; and that the decree in the first case adjudicated only the question of delivery; and that, therefore, the defendants' plea of estoppel is not sustained.

It is our conclusion that the trial court rightly decided the case, and the judgment is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.