STATE, Respondent, v. CORNELL, Appellant.

(199 N. W. 248.)

(File No. 5268.   Opinion filed June 14, 1924.) ·

**Incest—Evidence—Criminal Law—Evidence Sufficient to Sustain Conviction.**

Evidence held sufficient to sustain conviction.

Appeal from Circuit Court, Hyde County; Hon. John F. Hughes, Judge.

Benjamin F. Cornell was convicted of incest, and he appeals. Affirmed.

*Stephens & Stephens,* of Pierre, for Appellant.

*Buell F. Jones,* Attorney General, *R. F. Drewry,* Assistant Attorney General, and *Bernard A. Brown,* of Pierre, for Respondent.

ANDERSON, J.   An information was filed in the circuit court of Hyde county, charging the defendant, Benjamin F. Cornell, with the crime of incest, alleged to have been accomplished with his daughter, Esther Cornell, now wife of William Parlin. The information charged in substance that said Benjamin F. Cornell, on the 3d day of January, 1920, in said county and state, did commit the crime of incest as follows: That at said time and place said Cornell, being then the father of one Esther Parlin, and within the degrees of consanguinity within which marriages are declared by laws of the state of South Dakota to be incestuous and void, and that said Cornell, knowing said Esther Parlin to be his daughter, did unlawfully and feloniously commit adultery and fornication with said Esther Parlin by then having carnal knowledge of the body of said Esther Parlin, contrary to the form of the statute in such cases made and provided.   To this information defendant pleaded not guilty.   The cause was tried to a jury of

said county, and on the trial these proceedings were had: Esther Parlin was sworn and testified:

"My name is Esther Parlin. I am 19 years old. I live about 7½ miles north of Highmore, having lived in Hyde county all my life. I know defendant, Benjamin Cornell. He is my father. I married L. W. Parlin July 21, 1919. Lived with my folks up to the time of my marriage. My father was living in the same home. I have two daughters, the youngest 5 months old, and the oldest 18 months old. I was at my father's home in January, 1920. Went down there to stay over Christmas and New Year's. My sister, mother, and father, and the kids were there in 1920, and February, 1921, when my mother went away. I saw defendant there from Christmas, 1919, until January 3, 1920. Was in room in my father's house morning of January 3, 1920. My father came in my room. He got right in bed before I knew it, and held me down, and put his hand on my throat so I couldn't say anything, and then told me not to say or tell anybody about this. He kept on until he forced me to do it. I tried to get away, but he held me down so that I couldn't move. This all happened about 8 o'clock in the morning. My sister and her baby had slept with me that night, but they were gone before this happened. He didn't say anything to me that morning. Just told me not to tell. Just scared me like he was going to do something awful so that I dared not to tell. Q. During the time you live at home had defendant before done this same act? A. Yes, several. Q. You remember when you were living on the Van Abel place? A. Yes, sir. Q. What year was that? A. 1915. Q. While there did he take liberties with your person? A. Yes, sir. I don't know just when, but it was in the barn in the hayloft when he had sexual intercourse with me. Q. State more definitely what he did than you have. A. He broke me. Q. At the Van Abel place did you have these relations with defendant? A. This happened in the barn about two years later. There were quite a few other times. I remained on the Van Abel place there two years. Q. During that time state how frequently if at all, defendant had these relations with you. A. Quite often. Q. Did you in March, 1917, after you moved to this other place, have conversation with your father with reference to his having sexual intercourse with you? A. No, I don't remember anything at that time."

Pursuant to proper instructions the jury returned a verdict finding the defendant guilty as charged in the information.

We have carefully considered the assignments of error, and we are convinced that each and all of them are without merit.

The judgment and order of the trial court are affirmed.

Note.—Reported in 199 N. W. 248. See, Headnote, American Key-Numbered Digest, Incest, Key-No. 14, 31 C. J. Sec. 45.