MACEDONIA STATE BANK, Appellee, v. R. H. GRAHAM, Appellant.

**JUDGMENT:** Conclusiveness—Nonparty to Record. The victim of a fraud-induced note, who litigates said fraud with the wrongdoer and obtains satisfaction for said fraud on the plea that said note has been transferred and that he is liable thereon, may not *replead* said fraud in defense to an action on the note by the transferee thereof. In such case, the third party transferee may avail himself of said adjudication, even though he was not a party to said action, and even though he occupied no position of privity with said parties to said action.

*Appeal from Pottawattamie District Court.*—J. B. ROCKA-FELLOW, Judge.

JUNE 24, 1924.

ACTION on a promissory note. The appeal is from an order by the court overruling a motion to strike the reply filed in said cause.—*Affirmed.*

*W. H. Killpack* and *Charles Roe,* for appellant.

*Preston & Dillinger* and *Tinley, Mitchell, Ross & Mitchell,* for appellee.

FAVILLE, J.—The appellant purchased stock in a corporation known as the Farmers Mortgage Company. He gave a series of notes therefor. One of the notes for $1,350 was sold to appellee. When this original note came due, the appellant

renewed the same by giving the note in suit, direct to appellee as payee. Appellant pleaded fraud in the inception of the original note. By way of reply, appellee alleged that, prior to the commencement of this action, appellant had commenced a suit in equity against the Farmers Mortgage Company, wherein appellant sought the cancellation of his subscription for stock in said company, and also the cancellation of the various notes he had given for said stock subscription. The pleadings and decree in said former suit were set forth in appellee's reply.

In the former case, this appellant prayed that the original note herein referred to be canceled and restored to him, or, in the event that the same had been negotiated, that he have judgment against said mortgage company for the amount of said note. Issue was joined in said action between appellant and the mortgage company, and the cause was settled between the parties by a written stipulation. Subsequently, appellant, as plaintiff in said action, filed a supplemental petition, alleging that the mortgage company had not performed the terms of said written stipulation, and praying specific performance of said contract and judgment against the mortgage company. Said stipulation provided that the mortgage company should return to appellant two certain notes which were then in possession of the mortgage company; and in regard to the $1,350 note which had been sold to appellee, and another note, it was agreed that the mortgage company should issue to appellant certain stock of said company at a certain value, in satisfaction thereof; and the mortgage company agreed to sell or cause said stock to be sold at an agreed price within ninety days. The supplemental petition alleged the failure of the mortgage company to sell said stock and to return to appellant "the amount of money which he has been caused to pay on certain notes," and prayed judgment for said amount. This referred to the original note of $1,350 and another one.

Issue was joined by the mortgage company on the supplemental petition of this appellant in said cause, the company claiming that said stipulation of settlement was unauthorized and invalid.

A decree was entered in said cause, adjudging that said stipulation between appellant and the mortgage company was

valid and binding, and that the contract of settlement had been fully executed, except that the mortgage company had not sold the stock which it delivered to this appellant; but that, "for such failure to sell said stock, plaintiff [appellant] has not shown that he has suffered any damages."

The pleadings and the decree in said action between this appellant and the mortgage company were fully set forth in the reply of appellee filed in this cause. Appellant's motion to strike said reply is upon the ground that the said matters so pleaded are immaterial, irrelevant, and redundant; that they do not constitute an adjudication, as between appellant and appellee, because appellee in this case was not a party to said action; and that they do not constitute an estoppel. Said motion to strike was overruled, and it is from said ruling that this appeal is prosecuted. Both parties concede that the trial court treated the motion to strike as a demurrer to the reply, and we shall so regard it.

Fairly analyzed, the reply alleges that appellant brought an action in equity against the mortgage company, wherein it alleged the mortgage company was a wrongdoer, and had procured from appellant the original note of $1,350 by fraud; that this appellant had made settlement of matters growing out of said transaction with the tort-feasor, and had obtained full satisfaction and settlement from said party, including full settlement for the original note which the mortgage company obtained from appellant, and which was transferred to appellee.

It is the contention of appellant that the matters so pleaded, showing full settlement between appellant and the wrongdoer, the mortgage company, involving the identical transaction out of which the note in suit arose, are immaterial to the issues tendered in this action, because appellee herein was not a party to said suit, and the matters so adjudicated are not binding upon appellee, and do not constitute an estoppel in behalf of appellee as against this appellant.

It is a familiar rule that the doctrine of *res adjudicata* does not apply as an estoppel, except between parties to the action or those in privity with such parties. There are, however, certain well recognized exceptions to this rule. In this case, appellant's contention is that the original note was obtained from

him by the fraudulent act of the mortgage company. ·Such is the defense pleaded in his answer. Subsequently, appellant, in effect, ratified the alleged fraud of the mortgage company, and made full and complete settlement with the mortgage company for said fraud. He obtained full satisfaction from the mortgage company for the wrong done, and obtained this on the basis that he was liable on the original note of $1,350, which was the basis of the note sued upon herein. In fact, such settlement was obtained under a claim that appellant had already paid said note. The situation resolves itself into this: Can appellant, after having obtained such satisfaction and redress from the original tort-feasor, on the claim that he had paid the note so fraudulently obtained from him, now be heard to urge against appellee the defense that the note was so obtained by fraud?

The facts of this case, as disclosed on the face of the· record, bring it within the well recognized exception to the general rule that an adjudication does not operate as an estoppel except as between the parties to the action in which the adjudication is had. In *Portland Coal Min. Co. v. Stratton's Independent*, 158 Fed. 63, Mr. Justice Van Devanter thus announced the rule:

"It is settled by repeated decisions that the general rule that one may not .have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way, is subject to recognized exceptions, one of which is that, in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way. And we think it could not well be otherwise; for, when the plaintiff has litigated directly with the immediate actor the claim that he was culpable, and, upon the full opportunity thus afforded for its legal investigation, the claim has been adjudged against the plaintiff, there is manifest propriety, and no injustice, in holding· that he is thereby concluded from making it the basis of a right of recovery from another who is not otherwise responsible. To such a case the

maxim, "*Interest rei publicœ ut sit finis litium,*' may well be applied.''

This case was cited with approval by us in *White v. International Textbook Co.,* 150 Iowa 27. See, also, *Hobbs v. Illinois Cent. R. Co.,* 171 Iowa 624; *Eckles v. Des Moines Casket Co.,* 152 Iowa 164.

We are of the opinion that the court did not err in overruling appellant's motion to strike appellee's reply. If appellant obtained an adjudication against the mortgage company that the note of $1,350 was obtained fraudulently, and secured a decree against the mortgage company for the amount thereof, on the claim that appellant had paid the note so fraudulently obtained, and if said decree was satisfied, appellant is in no position to now claim the same fraud as a defense to a suit on the note, assuming that the situation of the parties is the same as if this action were brought on the original note. If the party primarily liable for the wrong done has made full restitution to the appellant, the latter is not in a position to urge the original wrong as against a party not primarily liable therefor.

We limit our holding to the single proposition that the court did not err in overruling appellant's motion to strike the allegations of appellee's reply, and that the matters so pleaded were not immaterial or redundant. It follows that the order of the trial court in overruling said motion must be—*Affirmed.*

ARTHUR, C. J., EVANS and VERMILION, JJ., concur.