TAYLOR T. MERRIFIELD, Appellant, v. WASHINGTON L. CLARK et al., Appellees.

JUDGMENT: Conclusiveness—Unallowable Splitting of Action. A party who has two contemporaneous claims to the ownership of land, to wit, a deed and a parol gift, may not, in one action, seek to establish his title under his deed and, when defeated, maintain a second action to establish title under the parol gift.

Headnote 1.   34 C. J. pp. 811, 818, 959.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER, Judge.

JANUARY 13, 1925.

ACTION in equity, to quiet title in plaintiff to 200 acres of land in Woodbury County, Iowa, alleged to have been given to him by the defendant under the terms of a parol gift. Decree for defendants. Plaintiff appeals.—*Affirmed.*

*Griffin, Griffin & Griffin,* for appellant.

*Prichard & Prichard* and *Pendleton & Browning,* for appellees.

DE GRAFF, J.—The plaintiff alleges that, in 1912, he acquired title to the land in controversy by virtue of an oral gift to him from the defendant; that the plaintiff is a nephew of the defendant, and has lived with him since early childhood, and worked on the land described; that, at the time of said alleged oral gift, the said defendant told the plaintiff that it was his land, and directed him to move upon and take possession of the land as soon as the then existing lease had expired, which would be in the spring of 1913; that plaintiff, pursuant to said oral gift, moved upon said land, in accordance with the directions of the defendant, and took possession thereof, placed valuable improvements thereon, used, occupied, and cultivated the land; and that he leased a part of said premises and collected the rent therefor, all with the knowledge, consent, and approval of the defendant; that, ever since said oral gift, the plaintiff has been in possession of the land; but that the defendant, during the temporary absence of the plaintiff, entered upon the premises and took forcible and unlawful possession thereof, ordered the tenants of the plaintiff to discontinue the cultivation of the land, and is now attempting to hold possession, as against the right of the plaintiff; that the defendant claims some title to the premises by reason of the fact that no written conveyance has been recorded, conveying the land to the plaintiff.

By way of answer and cross-petition, the defendants deny the allegations of plaintiff's petition, except that they admit that plaintiff claims some interest in the land, and allege that the defendant Washington L. Clark is the absolute owner thereof; and defendants further allege that there has been an adjudication of the issues involved, and that plaintiff is estopped and

barred by such former adjudication. By way of cross-petition, the defendant Washington L. Clark claims to be the absolute owner of said property, and asks that the title in fee be quieted in him.

There was a trial on the issues, and decree was entered dismissing plaintiff's petition, upon two grounds: (1) That the action was barred by the former adjudication; and (2) that plaintiff had failed to sustain the allegations of his petition by preponderance of the evidence. The court further found and determined that the allegations of the cross-petition were true, and quieted the title in the defendant Clark, and entered judgment against the plaintiff for costs.

It will be seen, therefore, that the questions triable *de novo* in this court are two in number: First, is the former adjudication in the case of *Merrifield v. Clark,* 185 N. W. 594 (not officially reported), decided by this court December 15, 1921, an adjudication of the issues involved in the case at bar, to such an extent that the plaintiff in this suit is bound thereby; and, second, has the plaintiff produced evidence outweighing the evidence of the defendants, and sufficiently clear, cogent, and convincing to justify the court in holding that the oral gift was in fact made?

The primary issue in the former case and in the case at bar is whether title should be quieted in the appellant Merrifield or the appellee Clark. It is true that, in the former case, title was sought to be quieted in appellant by virtue of a written instrument, to wit, a warranty deed, with certain restrictions. It was held that the evidence was not sufficient to justify the court in deciding the issue of ownership in favor of the plaintiff, mainly on the ground that the evidence did not establish that the deed had ever been delivered. We are now confronted with the question whether or not our holding in that case that the plaintiff was not entitled to a decree quieting the title in him constitutes an adjudication of his rights now claimed under the instant petition. We have heretofore held that a party seeking to quiet title in a parcel of land alleged by him to belong to him must present all of his claims and the bases thereof at one hearing, and, if the adjudication is against him therein, it is *res judicata,*

and constitutes a bar in a second trial to quiet title, based on a different ground.

In *Des Moines & F. D. R. Co. v. Bullard*, 89 Iowa 749, we said:

"That was a trial of the title of the land, and we will dispose of much that is found in the record in this case by the single remark that the adjudication in the former action disposed of all claim of title which E. F. Bullard had in the land. He was the plaintiff in the action, and neither he nor those claiming under him had any right to commence an action upon one claim of title and pursue it to the end of final adjudication, as that case was pursued, and then set up other causes of action in another suit, or by way of defense to an action brought by the defendant in the former action. In other words, it was incumbent on Bullard to assert all the claim he had to the land in the former action. This rule is fundamental, and we have neither the time nor inclination to elaborate it."

Upon the former trial of the instant action, the right to have the title quieted was based on a written deed; but the evidence was not sufficient to show delivery. In this case, plaintiff seeks to quiet title in himself by virtue of an alleged parol gift, executed in 1912. By an amendment to his petition, he alleges that the defendant stated, at divers times from 1913 to 1918, that defendant did give the land to the plaintiff; that, in the spring of 1918, the defendant fully consummated the oral gift, and gave the plaintiff the full, absolute, complete ownership and control of the land. Both actions, therefore, involved the same issue, to wit, the right of title. Briefly stated, the contention of appellant is that he has the right to try the question of title to these 200 acres, as between him and the defendant, upon as many different grounds as he may have, and the further right to try the title on each ground, and in separate actions. We cannot adopt this conclusion. If we did so, but affirmed the decree of the lower court, the plaintiff, if the facts warranted, might immediately institute a third action, claiming title to the land by virtue of a written contract entered into by and between the parties before the oral gift was made, or before the execution of the deed, and that the plaintiff had performed his part of the contract and appellee had failed to perform. Other grounds might be as-

serted for quieting title, but it would be apparent that in each case the relief sought would be the same, to wit: the quieting of title to a 200-acre tract of land in the plaintiff, predicated on claims that existed and which could have been asserted at the time the first suit was commenced.

In the case of *Thompson v. Illinois Cent. R. Co.*, 191 Iowa 35, it is said:

"But we are not prepared to hold that, even if the construction of the track was not mentioned in the first suit, that this alone would prevent that suit from operating either as an adjudication or an estoppel against the litigation of certain questions. If it be the basis of both suits that building a grade as was done, and obstructing the passageway of water down the creek by the manner in which bridge pilings were placed therein, resulted in driving water upon the land of plaintiff, the naked fact that a third means for producing these results was for the first time urged in the second suit will not make the first suit less effective as an estoppel than if all three means that caused the injury had been named in both suits. If both suits rest on a wrongful diversion, produced by two specified agencies, then adding that a third agent co-operated in this result would not create a lack of identity of issue. If, in a first suit, the charge was that plaintiff, at a stated time and place, had knocked out the teeth of the defendant by striking the same with a sledge hammer, and damages were recovered for that assault, it would be settled against a second suit that this assault had been compensated for, even though the second suit charged that plaintiff used a sledge hammer and his fists in knocking out the teeth."

The *Thompson* case, supra, may not be viewed as strictly analogous; but it suggests the possibility that a plaintiff might have to harass a defendant even in a damage suit, if he were permitted to institute a suit for damages on one basis and, failing therein, commence another action to recover the same damage, based upon the theory of another agency or cause. We held in the foregoing case that, in truth and in fact, if the plaintiff was entitled to any damage at the time he brought the first suit, he must include therein all of the grounds upon which he might have based his suit; otherwise, a decision either in favor of or

against him was *res judicata* on the question whether he should recover damage, and, if so, how much.

It was incumbent upon the instant plaintiff to set forth all of the grounds which he may have had at the time he commenced the former suit, to show by what agency or upon what basis he claimed title to the land.

"It is a general rule that a judgment is conclusive of whatever might have been litigated in the action in which it was rendered, and that a party must bring forward in one suit all the claims or defenses which he has, which are included in or applicable to the cause of action in suit. Hence, in general, additional facts bearing on the original cause of action, and which might have been presented in the first action, as distinguished from facts which have occurred since that action, will not be sufficient to sustain a new suit." 34 Corpus Juris 811, Section 1228.

And further:

"Nor can a party avoid the estoppel of a former judgment by bringing forward in a second action new or additional reasons or grounds in support of his case or defense, or new arguments or evidence to sustain it, the facts remaining the same." 34 Corpus Juris 810, Section 1228.

See, also, *Smith Lbr. Co. v. Sisters of Charity,* 146 Iowa 454; *Oswalt v. Cronk,* 195 Iowa 230, and cases therein cited; *Keokuk Gaslight & Coke Co. v. City of Keokuk,* 80 Iowa 137; *Goodenow v. Litchfield,* 59 Iowa 226; *Blair v. Hemphill,* 111 Iowa 226.

It is contended by appellant that the only question involved or decided in the first case was the question of the delivery of the deed. In this claim appellant is in error. The court in the former opinion decided the claim of plaintiff adversely to him on the issues joined, and was not called upon and did not intend to decide the mere question of fact whether or not the deed had been delivered. This was incidental, but necessary to decide in determining the question of title. Appellant further stresses the fact that, in the former opinion, it is said that plaintiff does not rely, in his pleadings or otherwise, upon a parol gift of the land, and therefore, under the decision in *Hamilton v. Hamilton,* 149 Iowa 321, the plea of *res judicata* cannot obtain. A reading of the *Hamilton* case and a comparison with the language used in

the former opinion in this case will readily show that the two cases are not analogous. This is also true of the case of *Alt v. Young*, 181 Iowa 1260, and *In re Estate of Bybee*, 179 Iowa 1089.

We conclude, therefore, that the defense to the prosecution of the second cause of action by plaintiff is tenable, and that the decision in the first opinion of this court, denying to plaintiff his asserted right to quiet title, bars the further prosecution of this cause of action.

This view of the controversy determines the appeal, and it is unnecessary to consider the second ground upon which the trial court based its decision, namely: the sufficiency of the evidence to sustain plaintiff's petition. We have given the record evidence careful consideration, and we agree with the trial court that the allegations of plaintiff are not sustained by the evidence.

Our conclusions on the whole case are in harmony with those expressed by the trial court, and the judgment and decree entered must be and is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.