## Consolidation Coal Co. et al. v. Hall et al.

Jan. 14, 1944.

Wells & Wells and E. C. O'Rear for appellants.

Howes & Walker for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Monroe Hall was employed by appellant, Consolidation Coal Company (hereinafter referred to as the company), and received an injury from which he died on May 22, 1925. With the approval of the Workmen's Compensation Board an agreement was entered into on the following July 27th, whereby an award of $3,842.46 was made to the widow, Rosie Hall, and his three children, as well as the three step-children by the name of Sparks; all children being decedent's infant dependents. Rosie received $900.39 of this compensation in weekly allotments until her remarriage in November 1926. On or about March 15, 1927, the company received a letter from the County Judge, John W. Butcher, stating that Jeff Butcher (his son) had been appointed guardian for the children of Monroe Hall and that the company should pay to the guardian the money due them. Beginning with March 25, 1927, the company paid the guardian the allotments as they fell due until the entire award was consumed on September 1, 1931, as is shown by receipts in the record.

There was no order appointing Jeff Butcher as guardian, but on March 15, 1927, he executed bond as guardian for the Hall children in the sum of $500 with Simond Butcher as surety, which was attested by the county court clerk and recorded, but was not approved by the county judge as is provided by KS sec. 2017, now KRS 387.070. On April 27, 1928, Rosie, as next friend of her infant children (both the Halls and Sparks), instituted a declaratory judgment action against Jeff Butcher as guardian "for the plaintiff infants herein" alleging in the petition that "the defendant herein, Jeff Butcher, was appointed the legal and lawful guardian of said children, and as such guardian, The Consolidation Coal Company is paying into his hands, the sum of $——." No defense was made to the action and the judgment decreed that "Jeff Butcher, as their guardian, pay to each of the above named plaintiffs their respective part of all the money that came into defendant's hands as guardian of said children * * * until each one reaches the age of seventeen years."

The guardian made a partial settlement on March 2, 1928, which was approved by the county judge, showing receipts and disbursements and the balance in his hands. Mrs. Hazel Chandler, Clerk of the Johnson County Court, testified the guardian filed a final settlement

which was approved, but that the order filing and approving it was never signed.

On January 6, 1940, the Hall children filed this action against the company to recover the full amount of $3,842.46 allowed as compensation for their father's death. The three Sparks children intervened and asked the same relief, except they averred there was $2,976.47 due on the award with interest from July 24, 1925. The answer pleaded the appointment of the guardian and payment in full to him. It also contained a plea of limitations and of laches.

Jeff Butcher filed a motion in the Johnson County Court for the entry of an order nunc pro tunc appointing him guardian, which was overruled. He appealed to the circuit court and that court likewise refused to sustain his motion.

By an amended answer the company averred that its liability, if any, is derivative from the guardian, and that by virtue of the judgment entered in the declaratory action decreeing that Jeff Butcher was the guardian of all the infant children of Rosie they are now precluded from denying he was their guardian.

The cause was referred to the master commissioner who reported that the infants had not received $2,276.46 of the award which was due them. Exceptions to his report were overruled and judgment was entered for that sum against the company, and this appeal followed.

The company insists there was sufficient memorandum evidence to justify the entry of a nunc pro tunc order appointing Jeff Butcher guardian of all the infants, and with such an order entered it is relieved of all liability since the records show it made full payment of the balance due to the guardian. It urges as a second ground for reversal that the declaratory judgment decreeing that Jeff Butcher was guardian for all the infants, and directing him to use the compensation for their support, is res judicata and now precludes them from denying that he was their guardian or from looking to the company for the money it paid him. As we are convinced that this second ground is well taken, it will not be necessary to discuss the first.

From what is quoted in the second paragraph of this opinion from the petition and judgment in the de-

claratory action, it is seen that the infant plaintiffs therein charged, and the court adjudged, that Butcher was their guardian. The court had jurisdiction of the parties and the subject matter, and as the company's liability is predicated upon the fact that no order was entered appointing Jeff Butcher guardian of these children and it paid the money to one not authorized by law to receive it, certainly the company can rely upon that judgment as being res judicata of the fact that Butcher had been appointed guardian.

A plea of res judicata is nothing more than a plea of estoppel. Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S. W. (2d) 286. After these infants have come into court and obtained an adjudication that Butcher was their guardian and had him directed as to how to distribute the payments received from the company, they cannot when it suits their purpose file another action disavowing he was their guardian and escape the disaster of a plea of res judicata by the guardian or by one whose liability is derived from him. The general rule is that where a question is decided on merits by a court of competent jurisdiction, its judgment is conclusive of the rights of the parties and their privies in a second action involving the same parties and subject matter, or any question properly related to the subject of the action which might have been presented to the court by reasonable diligence of the parties. 30 Am. Jur. sec. 246, p. 975; Triplett v. Bays, 285 Ky. 822, 149 S. W. (2d) 723; Love's Ex'r v. Stoker, 278 Ky. 555, 128 S. W. (2d) 922; Combs et al. v. Prestonsburg Water Co., 260 Ky. 169, 84 S. W. (2d) 15.

Appellees do not agree with the principle of law just stated, but insist that there is no identity of subject matter in the declaratory judgment action and the instant one. But as we see it, the sole issue in each case related to whether Butcher was the guardian of the children and whether he was properly handling their funds. If the guardian failed to account for the funds collected, or did not properly expend them, the children may sue him. But they have no cause of action against the company who paid the fund to one whom a court of competent jurisdiction held was their guardian and to whom the court directed it should make payment.

The judgment is reversed with directions to dismiss the petition.