LEWIS H. JORDAN, trustee of estate of Merle J. Jensen, bankrupt, appellee, v. STUART CREAMERY, INC., et al., appellants.

No. 51727.

(Reported in 137 N.W.2d 259)

SEPTEMBER 21, 1965.

Frank Thompson of Batschelet & Thompson, of Guthrie Center, and Clyde Putnam, Jr. of Putnam, Putnam & Putnam, of Des Moines, for appellants.

Robert O. Frederick of Webster, Frederick & Jordan, of Winterset, for appellee.

STUART, J.—Defendants, with our permission, have ap-

4

pealed from the trial court's interlocutory order refusing to dismiss plaintiff's petition on their motion for an adjudication of law points. The specific question to be decided is whether it can be determined from the pleadings that plaintiff's cause of action has been previously adjudicated and therefore barred under the doctrine of res judicata.

This action is the third in which the ownership of 89 shares of stock in Stuart Creamery, Inc., has been the primary issue. Equity No. 15701, filed March 29, 1960, was brought by plaintiff's bankrupt. It was dismissed when he failed to comply with an order of court requiring him to produce certain books and records belonging to the creamery. An identical action, Equity No. 15919, filed December 6, 1961, was dismissed on the ground there had been a prior adjudication by the dismissal of 15701. No appeals were taken and defendants' plea of res judicata is based on these dismissals.

Rule 217, Rules of Civil Procedure, provides: "All dismissals not governed by rule 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise." Therefore, these dismissals were with prejudice on the merits.

Such dismissals without an actual trial can be the basis of a plea of res judicata. Credit Industrial Corp. v. Miller, 255 Iowa 1022, 125 N.W.2d 142; Lynch v. Lynch, 250 Iowa 407, 415, 94 N.W.2d 105; J. R. Watkins Co. v. Kramer, 250 Iowa 947, 97 N.W.2d 303; Patterson v. Union Pacific Railroad, 242 Iowa 1273, 49 N.W.2d 820; Stucker v. County of Muscatine, 249 Iowa 485, 87 N.W.2d 452.

To sustain a plea of res judicata the cases must involve "1. Same parties, or parties in privity. 2. Same cause of action. 3. Same issues." Trustees of Green Bay Levee and Drainage District v. Alexander, 252 Iowa 801, 807, 108 N.W.2d 593; In re Estate of Richardson, 250 Iowa 275, 281, 93 N.W.2d 777, and citations.

Plaintiff claims the parties and cause of action in the instant case differ from those in the other two cases. The trial court held the issues in all three cases were substantially the same, but, as the named defendants are not the same, defendants

must establish privity between those named and those omitted and this cannot be established from the pleadings.

I. We will first consider whether the same cause of action is involved. Briefly stated, in the first case, Equity No. 15701, present plaintiff's bankrupt, Merle J. Jensen, alleged he was the owner of 89 shares of stock in Stuart Creamery, Inc. and that Howard Randolph had obtained possession of the certificate for this stock and claimed ownership. He alleged Randolph evicted him from the creamery office and that the present board of directors was elected or appointed by Randolph. He asked that he be adjudged the owner of said 89 shares, Randolph be ordered to deliver the certificate to him, the board of directors be removed as illegally elected, and further asked for an accounting of all creamery assets and income since his eviction as well as general equitable relief. The second case, Equity 15919, was identical.

Here, plaintiff has pleaded the transaction involving the 89 shares more in detail but the basic issue is still the ownership of these 89 shares claimed by both plaintiff and Randolph. In addition, however, plaintiff in a separate count claims the ownership of one other share of stock obtained by his bankrupt on an assignment from a third party. This certificate for one share was sent to the attorney for the creamery for transfer and never returned, according to the allegations.

The trial court was of the opinion that, as an accounting of all the assets and earnings of the corporation was requested in the first two cases, they "would have involved the one share of stock as well as all other shares of stock even though said share or shares were not specifically named in the pleadings."

"It is a well established rule, of almost universal application, that a judgment, if rendered by a court of competent jurisdiction, on the merits, constitutes a complete bar and estoppel to a subsequent action between the same identical parties based upon the same claim or demand or cause of action. This is not only true with reference to matters in issue, but it is true as to all matters incident to or essentially connected with the subject of the action which might have been put in issue and adjudicated. * * *

"The doctrine of res judicata is based upon the principle

6

that a party may not split or try his cause of action in piecemeal, but must put in issue and try his entire cause of action, or put forth his entire defense in the case on trial." Wheatley v. City of Fairfield, 221 Iowa 66, 75, 264 N.W. 906.

See also Merrifield v. Clark, 199 Iowa 171, 201 N.W. 563; In re Estate of Ramsay, 240 Iowa 50, 59, 35 N.W.2d 651; 50 C. J. S., Judgments, page 89, section 648; page 102, section 657; page 104, section 658; page 114, section 668; page 186, section 716.

However, matters "which were not material or issuable in the first action, or were not in controversy therein, or necessary to the decision, even though adjudicated, cannot conclude [them] in a subsequent proceeding." Kunkel v. Eastern Iowa L. & P. Co-op., 232 Iowa 649, 659, 5 N.W.2d 899, and citations; Aultman v. Meyers, 239 Iowa 940, 33 N.W.2d 400.

A test for determining whether the causes of action are the same is suggested in Phoenix Finance Corp. v. Iowa-Wisconsin Bridge Co., 237 Iowa 165, 175, 20 N.W.2d 457, in which we quote from 30 Am. Jur. 918, section 174 (now 30A Am. Jur. 407, section 365):

"In the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to subsequent action. If, however, the two actions rest upon a different state of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other. It has been said that this method is the best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the two parties, and it has even been designated as infallible." See Band v. Reinke, 230 Iowa 515, 519, 298 N.W. 865, 868.

It seems apparent the causes of action involving the 89 shares of stock are identical. Plaintiff does not seriously argue otherwise. He does claim there was no final adjudication of the

ownership of the 89 shares of stock, in view of the way the case 15701 was disposed of. We will discuss this proposition later.

Plaintiff on cross-appeal urges the cause of action for the one share of stock is separate and distinct from the cause of action for the 89 shares and he was not required to join them. We agree. The sources of plaintiff's claimed rights in the two stock certificates are entirely different. There is no similarity in the proof required to establish these two claims. Ownership of the 89 shares of stock could be established by proof that the assignment of the stock to Howard Randolph's mother was for security purposes to be reassigned to him when the obligation was paid. Ownership of the one share is based upon an assignment of the share to him by a third party, delivery of the certificate to the corporation for transfer and the failure of the corporation to return it to him.

We do not believe the prayer for an accounting of the assets and earnings of the corporation necessarily involves a determination of the ownership of stock other than the 89 shares specifically put in issue. We therefore hold actions 15701 and 15919 are the same cause of actions as Count II of the instant case involving the 89 shares of stock, but that Count I involving one share of stock is a new and separate cause of action, not previously adjudicated.

II. The parties named in the third action are not nominally the same as those in the first two actions. The following differences appear: (1) The trustee of Merle J. Jensen, bankrupt, is named as plaintiff in place of Mr. Jensen. No question is raised about the privity of these two parties. (2) Five parties named as defendants in the first two actions were dropped here. (3) One party (Hobart E. Newton) was added as a new defendant. Stuart Creamery, Inc., Arnold Madsen, John Snowgren and Howard Randolph were named as defendants in all three actions.

The trial court concluded the pleadings did not show why certain defendants were dropped and another one added and did not allege privity between those named and those dropped and he was not permitted to speculate as to the relationship between these parties. The matter was left open for proof upon trial.

It is important to examine the nature of these cases, the

8

relief sought and the role of the defendants as shown by the pleadings to determine whether there is such identity of parties to support a plea of res judicata on the pleadings.

Of the five defendants dropped from the first action, three were named as members of the board of directors of the Stuart Creamery, Inc., whom plaintiff wanted removed as having been illegally elected when Randolph voted his stock. Randolph Foods Inc. was named as a defendant because it was alleged Randolph in his conduct was acting personally and on behalf of the corporation. Central Iowa Poultry & Egg Company was included under a separate count alleging it owed Stuart Creamery, Inc., a note in the amount of $15,000.

In the present action the note count is not included and there was no need to make Central Iowa Poultry & Egg Company a defendant. Neither is there an allegation Randolph acted for and on behalf of Randolph Foods Inc. There was no reason to name the corporation as a defendant. Madsen and Snowgren are alleged to be the "sole directors" and they along with Hobart E. Newton are alleged to be shareholders.

With the exception of Randolph, the individuals named as defendants in both actions are so named as directors or stockholders in Stuart Creamery, Inc. The only relief asked which would affect them is the prayer for their removal as directors and the prayer that they be directed to issue the stock certificate and account for the corporate assets. Both actions, in effect, are against Randolph individually and the Stuart Creamery, Inc., and its officers, directors and shareholders. This can be determined from the pleadings. We do not believe a party should be able to avoid a prior adjudication by the device of adding or subtracting parties who appear on the face of the pleadings to have a nominal interest only.

We find support for this treatment of "identical parties" in the following quotations from Corpus Juris Secundum.

"If the parties to the two suits are really and substantially in interest the same, although they may nominally be different, or although nominal parties may be added in the second suit, the former judgment is a bar. So also it is immaterial to application of the rule of res judicata where the same cause of action

is involved in both suits that some of the parties defendant to the prior suit are not included as parties to the later suit." 50 C. J. S. 96, Judgments, section 651.

"Where both the party offering a judgment as an estoppel and the party against whom it is so offered were parties to the action in which the judgment was rendered, it is no objection that the action included some additional parties who are not joined in the present suit, or that there are additional parties in the present action, provided the judgment was rendered on the merits. This rule is especially applicable where the additional parties in either suit were merely formal, nominal, or unnecessary parties. Certainly it is sufficient if all the parties to the later case were parties in the former one even though some parties in the former case are not parties in the later case." 50 C. J. S. 301, Judgments, section 773. See Consolidation Coal Co. v. Hall, 296 Ky. 390, 177 S.W.2d 150, 151.

"As a general rule, a stockholder is so in privity with, and represented by, the corporation that he is bound by a judgment for or against the corporation in so far as it deals with corporate rights and liabilities and affects the stockholders as a body, where it was not obtained by fraud or collusion; but he is not bound with respect to individual rights and liabilities or rights and liabilities which are not common to all the stockholders." 50 C. J. S. 331, Judgments, section 794.

Although we have found no Iowa case directly in point, we have recognized there are exceptions to the general rule that an adjudication does not operate as an estoppel except between parties or their privies. In Macedonia State Bank v. Graham, 198 Iowa 12, 14, 199 N.W. 248, 34 A. L. R. 148, we applied the doctrine where the liability in tort of a party depended on the culpability of another party who had already been adjudged not culpable. In Hawley v. Davenport, Rock Island & Northwestern Railway Co., 242 Iowa 17, 45 N.W.2d 513, a judgment in favor of defendant indemnitor on the ground of plaintiff's contributory negligence as a matter of law was held to be res judicata in a subsequent suit against the indemnitee.

On pages 22 and 23 of 242 Iowa we state the limitation of the doctrine of res judicata to parties or their privies "has a

broadening exception to the effect that 'persons who, although not parties or privies, were so connected in interest * * * with plaintiff or defendant in the former action that the judgment may be regarded as virtually recovered for them may avail themselves of such judgment as res judicata in a subsequent suit.' 50 C. J. S., Judgments, section 757. * * * It may be considered either an extension of the doctrine of res judicata or as a redefinition of the term 'privy'. Its classification is unimportant.

"Mutuality of estoppel is usually considered one of the required elements of true res judicata but we have recognized that it is not always necessary." (Citing the Macedonia State Bank case)

In City of Chariton v. J. C. Blunk Construction Co., 253 Iowa 805, 815, 112 N.W.2d 829, a judgment against the city on funding bonds for deficiency assessment was held to be a bar to a subsequent action in which the city represented the abutting property owners who paid special assessments as well as the general taxpayers on the theory that it was the duty of the city to represent both in such matters.

We therefore hold the parties here meet the requirement of being identical with the parties in the two prior actions as the term is used in the doctrine of res judicata.

III. As indicated in Division I, plaintiff on cross-appeal argues there was no adjudication of ownership of the 89 shares of stock in 15701 because of the status of the pleadings at the time of dismissal. The only parties disputing the ownership of the 89 shares were plaintiff's bankrupt and Randolph. Randolph had filed a motion for more specific statement which was overruled. All other defendants answered. Defendant Madsen filed a motion to produce records which was sustained by the court. All defendants including Randolph joined in a motion to dismiss for failure to comply with the order to produce documents. Upon the continued refusal to produce the records, the motion was sustained.

Plaintiff now argues, under rule 86, R. C. P., Randolph, after his motion for more specific statement was overruled, was permitted to plead further and, as he did not do so, under rule

102 he admitted the allegations of the petition, which amounted to an adjudication that plaintiff's bankrupt was the owner of the stock. If plaintiff is barred by res judicata, the stock is in a "legal no-man's land" and there are only ten shares of stock outstanding in the corporation, one of which is claimed by plaintiff. (A share not involved here had been returned to the creamery.)

We cannot accept this argument. Randolph had never filed a pleading as defined in rules 68, 69 and 109, R. C. P. After his motion for more specific statement was overruled, he chose to join all other defendants in the motion to dismiss. No question was raised as to his right to do so and we do not consider this question here. No appeal was taken.

The authorities cited in Division I in support of the proposition that the cause of action for one share of stock was not res judicata are authority for holding the ownership of the 89 shares has been adjudicated. Throughout his argument plaintiff points out the dispute as to the ownership of the stock is between plaintiff and Randolph. The petition in 15701 so states. Plaintiff did not then claim that 89 shares were void or cancelled. If such claim existed, it should have been urged then.

Plaintiff cites Band v. Reinke, 230 Iowa 515, 298 N.W. 865, in support of his position in which we say: "It is essential thereto that the question in issue in the second suit was involved and decided in the first." That case and Matson v. Poncin, 152 Iowa 569, 132 N.W. 970, 38 L. R. A., N. S., 1020, and Griffith v. Fields & Bryant, 105 Iowa 362, 75 N.W. 325, cited therein, involve questions of collateral estoppel rather than strict res judicata. The same parties were involved but the causes of action were different.

 For collateral estoppel to apply, the particular matter must have been considered and passed upon. It, therefore, cannot apply unless there is an actual trial. Lynch v. Lynch, 250 Iowa 407, 411, 412, 94 N.W.2d 105.

In res judicata, involving the same parties and same cause of action, a former adjudication is a bar to every question which could have been presented in the first action. It applies whether there was an actual trial or not.

In Stucker v. County of Muscatine, 249 Iowa 485, 491, 87

N.W.2d 452, we held the sustaining of a special appearance in the first action res judicata in a subsequent action saying:

"This judgment, however, was not such as would simply preclude the relitigation of particular facts or issues in another cause of action between the same parties, which is sometimes called estoppel by judgment. On the contrary a judgment as to jurisdiction over the subject matter is a conclusive one, not only as to the actual question decided, but to every matter and question which plaintiff could present within the purview of the first action.

"Plaintiff's contention that her cause was not considered on its merits is not justified. As we have indicated, on the vital question of jurisdiction, when properly before the court, a determination under the facts appearing in the petition and otherwise is, as to that issue, a judgment rendered upon the merits. Obviously it is not necessary to consider all the merits to dispose of a legal matter. Due consideration of vital ones will usually determine the matter as to all issues."

In Lynch v. Lynch, 250 Iowa 407, 412, 94 N.W.2d 105, we held a default judgment a bar to a second action in which the main issue involved was the right to possession of the land even though different leases were alleged, saying: "* * * In a broad sense the judgment in the first declaratory action which established a status and relation between these parties as to this land March 1, 1958, is res judicata. Under that concept of this rule the term 'cause of action' is broad enough to permit the determination of the vital question in one judgment, and that determination inheres in it. In other words, the real cause of action in both cases was the plaintiff's claim to the right of possession at a given time. Only the evidence to support that claim differed in the cases, each being based on different written contracts or leases existent at the time of the first proceeding."

In Bagley v. Bates, 223 Iowa 836, 273 N.W. 924, a trustee in bankruptcy sought to set aside a conveyance of real estate under a general creditor's bill as provided in the U. S. Bankruptcy Act (then section 67e). Judgment in a former action to set aside the same conveyances as a voidable preference under sections 60a and 60b was held to be res judicata.

Here the claim is res judicata. The petition raised the issue of ownership of the 89 shares of stock and recited the claims of plaintiff's bankrupt and Randolph. It was not contended that the stock had been cancelled, voided or returned to the corporation. If such claim was contemplated it should have been made when the ownership of the 89 shares was put in issue. It cannot be made at this time. We hold the first dismissal operated as an adjudication that Randolph was the owner of the 89 shares of stock and this issue cannot be relitigated.

In conclusion, therefore, we hold that the doctrine of res judicata applies to the cause of action involving 89 shares, but that Count I involving one share of stock has not been adjudicated. The case is reversed and remanded to the district court for further proceedings in accordance herewith.—Reversed and remanded.

GARFIELD, C. J., and LARSON, THORNTON, SNELL and MOORE, JJ., concur.