CASE 35—ACTION ON IMPLIED CONTRACT—MARCH 23.

# Schuster v. White's Administrator.

### APPEAL FROM KENTON CIRCUIT COURT.

*Res Adjudicata.*—A judgment dismissing an action for board is no
bar to a subsequent action between the same parties for ser-
vices rendered the defendant for nursing and having washing
done for her, the former action requiring an express contract
under the statute, and the latter an implied contract only.

M. L. HARBESON FOR THE APPELLANT.

1. Under section 2178 Kentucky Statutes, as construed in the case
of Thomas v. Arthur, 7 Bush, 245, an express contract must
be alleged and proven, but a recovery for nursing, care, atten-
tion, etc., could be had upon an implied contract. It devolves
upon the party who pleads in bar to allege definitely and prove
a state of facts constituting the bar and if the cause of action
for nursing, care and attention arose out of the same contract
as that for board, the defendant must have alleged and proved it.
2. The opinion of the court upon a former appeal is the law in
this case, and this court can not now reconsider or decide dif-
ferently questions raised and determined on the former appeal.
Jenkins v. Headley's Exrs., 19 Ky. Law Rep., 290.

O'HARA & ROUSE FOR APPELLEE.

The claim for board and that for nursing, attention and wash-
ing arose out of the same transaction and consequently the
judgment in the former case is a bar to the action in this.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This is the second appeal in this case, and the opinion
delivered on the former appeal is found in 19 Ky. Law
Rep., 1861, [44 S. W., 959]. The issues were not clearly
shown by the pleadings which had been filed be-
fore the former appeal, as they are now shown by the sub-
sequent pleadings and the testimony offered on the
trial. The judgment which was pleaded in bar was

on a claim for *boarding* the intestate from January 18, 1892, until her death. The claim for board was presented as a set-off in an action by the appellee on a note which the appellant had executed to his intestate. It appears from the second paragraph of the appellant's reply to the second amended answer (and the facts averred in it are taken as true on the demurrer which the court sustained thereto) that the plaintiff failed to recover on that set-off because it was a suit for board, and the express contract alleged as the basis of the action was not proven. This court has held, unless an express contract be proven, there can be no recovery for furnishing board, save by a keeper of a tavern or a house of private entertainment; this being the interpretation which the court gave to a statute similar to section 2178, Kentucky Statutes.

This action is brought upon an *implied* contract claimed to exist by reason of the fact that the intestate, being ill, and needing and desiring nursing and attention necessary for such an invalid, had herself conveyed to the residence of the plaintiff; and, from that time until her death, he, at her special instance and request, rendered and furnished such nursing and attention, and had done for her necessary washing, etc.

The question presented for our consideration is, is the judgment which was rendered, dismissing the appellant's set-off for boarding a bar to this action? The services were rendered during some period for which the claim for boarding had been asserted. There is no claim asserted in this action for boarding the intestate. Neither was there a claim presented in the former action for nursing, etc., and having washing done for her. The former cause of action was based on an alleged express contract for board-

ing or dieting the intestate. This action is on an implied contract for services rendered the invalid, etc.

Under the pleadings in the former action, the court could not have permitted the appellant to prove the cause of action upon which recovery is sought here, because it was a distinct cause of action from that pleaded and relied upon by way of set-off. To have enabled the plaintiff to recover on his set-off for boarding, it was necessary for his witnesses to have proven an express contract; but this court, in Thomas v. Arthur, 7 Bush, 245, held that a recovery for nursing, attention, etc., can be had upon an implied contract.

In the first action the testimony of the witnesses would have been confined to the question of express contract, and as to what was a reasonable price for the board, if the amount had not been fixed by the terms of the contract. On the cause of action averred in this case, the testimony of the witnesses should be confined to the question as to whether the services had been rendered, and their value. There is an identity of persons, but not of subject-matter and cause of action. The evidence was essential to have sustained the former cause of action would not sustain the present cause of action. Neither would that which was essential to establish a present cause of action have sustained a former cause of action.

In Freedman on Judgments, Sec. 259, it is said: "The best and most invariable test as to whether a former judgment is a bar, is to inquire whether the same evidence will sustain both the present and the former action. . . ."

The doctrine of the law of *res judicata* has never been applied so as to compel one person having a distinct cause of action against another to join them in one action because the two causes of action were of such character that,

under the Code or law, their joinder would have been permissible.

In Cromwell v. County of Sac, 94 U. S., 351, Judge Field was discussing the doctrine of *res judicata*, and said: "In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . . The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. . . .

"But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to

the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

This✦ opinion is written as an extension of the former opinion of the court in this case on the subject of the doctrine of the law of *res judicata* as applied to the facts as they have been developed by the pleadings and proof in this case since the former appeal, but not as a modification of the former opinion. The pleadings were such on the former appeal (the case having gone off on demurrer) as not to fully present the issue for adjudication as under their record.

The court should have overruled the demurrer to the second paragraph of the plaintiff's reply to the second amended answer; and, instead of instructing the jury to find for the defendant, it should have submitted the issues, under proper instructions to the jury. The judgment is reversed for proceedings consistent with this opinion.