Dunn v. Commonwealth.

---

CASE 55—PROSECUTION AGAINST W. J. DUNN FOR HOUSEBREAKING.— JAN. 12.

# Dunn v. Commonwealth.

APPEAL FROM WOLFE CIRCUIT COURT—ROBERT RIDDELL, CIRCUIT JUDGE.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

HOUSEBREAKING—SMOKEHOUSE—INDICTMENT—SUFFICIENCY—EVIDENCE —ADMISSIONS—COMPETENCY—WITNESSES—IMPEACHMENT.

1. Under Kentucky Statutes 1903, section 1162, making it a crime to feloniously break into a dwelling house, or any house

belonging to or used with any dwelling house, etc., an indictment charging defendant with having feloniously broken into and entered the smokehouse of a certain person, but failing to allege that such smokehouse belonged to or was used with any dwelling house, was insufficient.

2. Admissions of accused corroborating the testimony of a witness are admissible against him.

3. Under Civil Code of Practice, section 597, providing that a witness may be impeached by evidence that his general reputation for untruthfulness renders him unworthy of belief, a witness called to impeach another witness by proof of bad moral character may be himself impeached by an attack on his general character.

A. F. BYRD. ATTORNEY FOR APPELLANT.

1. No witness proves the venue of the prosecution. It was proven that it occurred on Stillwater, in April, 1892, but it is not proven that Stillwater is in Wolfe county.

2. The molasses alleged to have been stolen was not identified as the molasses that was lost by the owner. An identification of molasses by comparison and appearance is too unsatisfactory to allow a verdict of conviction to stand.

3. The indictment charges appellant with breaking into a smokehouse and stealing molasses therefrom, but fails to charge that the smokehouse belonged to or was used with any dwelling house, and we claim that under the statute such offense is not a felony.

4. Hearsay evidence was admitted on the trial against appellant's objection and to his prejudice.

5. Appellant has discovered evidence since the trial that is material to his defense, which he could not with reasonable diligence have discovered sooner.

AUTHORITIES CITED.

Ky. Stat., sec. 1162; Ky. Stat., sec. 1164; Arthur v. Commonwealth, 99 Ky., 35; Civil Code, sec. 598; Helfrich Lumber & Mfg. Co. v. Bland, 21 R., 1185; Murphy v. May, 9 Bush, 38; Radford v. Com., 9 R., 378; Nation v. People, 6 Parker's Crim. Rep., 258; Hildeburn v. Curran, 65 Pa. St., 59; Combs v. Winchester, 39 N. H., 13; Harper v. R. R. Co., 47 Mo., 567; Cornelius v. Com., 15 B. M., 539; Kennedy v. Com., 14 Bush, 340; Randolph v. Com., 11 Rep., 244; Lambert v. Hicks, 15 R., 240; Adams Oil Co. v. Stout, 19 R., 758; Anderson v. State, 43 Conn., 514; Ency. Plead. & Prac., vol. 14, p. 842; Dennis v. State, 103 Ind., 142.

Dunn v. Commonwealth.

N. B. HAYS, ATTORNEY GENERAL, FOR APPELLEE.

1. Men usually commend their own work, but the counsel for appellant was the Commonwealth's attorney who drew the indictment, and now insists this indictment is bad.

2. The indictment is for breaking into and stealing property of value from a smokehouse. We insist that "smokehouse" has a well-defined meaning and is understood by a man of ordinary intelligence to be an out-house used in connection with a dwelling house, and that it is not necessary to allege in the indictment that it was so used. Ky. Stat., sec. 1162.

3. The evidence sufficiently shows the offense to have been committed in Wolfe county, and aside from the evidence of the impeached witnesses the testimony is ample to sustain the verdict.

4. While there was some incompetent evidence introduced, we fail to see how the substantial rights of the defendant were prejudiced thereby.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—REVERSING.

Appellant Dunn was convicted of the offense of housebreaking and his punishment fixed at two and a half years' confinement in the penitentiary. He demurred to the indictment against him. His demurrer was overruled, and the sufficiency of the indictment is the first question to be determined on the appeal. The charge of the indictment is that the defendant Dunn "did unlawfully, willfully, maliciously, feloniously, and forcibly break open and enter into the smokehouse of J. N. Chambers for the purpose of taking, stealing and carrying away therefrom money, property and things of value, and pursuant to said breaking and entry did take, steal and carry away therefrom about ten gallons of molasses, of the value of $5," etc. The indictment is based upon section 1162, Kentucky Statutes, 1903, which is as follows: "If any person . . . shall feloniously break any dwelling-house or any part thereof, or any out-house belonging to or used with any dwelling-house, and feloniously take away anything of value, although the owner or any person may not be there, he shall be confined in the

penitentiary not less than two nor more than ten years." It will be observed that the charge in the indictment is that the defendant feloniously broke and entered the smokehouse of J. N. Chambers, and that the statute punishes the breaking of any dwelling-house or any out-house belonging to or used with any dwelling-house. It is not charged in the indictment that the house broken belonged to or was used with any dwelling-house. It is said that a smokehouse is used with a dwelling-house, and therefore the charge that the defendant broke the smokehouse is sufficient. But the court can not so declare as a matter of law. A smokehouse is not necessarily an out-house belonging to or used with a dwelling house. True, it usually is used with a dwelling house, but is not always so. The smokehouse may be at one place and the dwelling-house at another. The owner, as where his dwelling-house is burned, or where he has moved to another, may still retain the smokehouse at the old site. The charge in the indictment that it was a smokehouse which was broken is not, therefore, equivalent to the words of the statute punishing the breaking of "any out-house belonging to or used with any dwelling-house." The indictment is therefore insufficient, and the court should have sustained the demurrer to it.

J. N. Chambers should not have been permitted to state what was told him at John Hatton's, further than that they received information there that the molasses came from Dunn's; and this only for the purpose of explaining why they went to Dunn's.

The admissions of the defendant are always competent evidence against him, and therefore T. C. Holland was properly allowed to state what the defendant said to him about Boyd Hatton. This admission served to confirm the testimony of Boyd Hatton, and was therefore material. Where a witness

is introduced to impeach another witness by evidence that his general moral character is bad, the opposite party may, in reply, attack the general character of the impeaching witness. 1 Greenleaf on Evidence, sec. 461; Civ. Code Prac., sec. 597.

John Patton, a member of the grand jury, might properly testify that a bottle of molasses which he saw did or did not correspond with the molasses which Dunn made, and it was not material where Patton saw the bottle of molasses— whether in the grand jury room or elsewhere; but before this evidence was admitted it should have been shown that the bottle contained molasses taken from the barrel in controversy.

Judgment reversed, and cause remanded for further proceedings consistent herewith.