## Wells v. Cornish et al.

(Decided February 3, 1931.)

C. E. RANKIN for appellant.

R. L. BLACK and C. C. BAGBY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming.

Serena J. Cornish died in 1891, and left surviving her as her children the appellees. She also left a husband, J. W. Cornish, who died in 1928. At the time of her death she was the owner of a tract of land described in the petition which appellees claim descended to them at her death subject to the curtesy of her husband, J. W. Cornish.

The tract of land was purchased by Mrs. Cornish from J. W. Robinson in 1888 for the sum of $450, of which sum $300 was paid in cash and a note was executed for the balance. J. W. Robinson obtained possession of the land after the death of Mrs. Cornish, and his heirs and vendees have continued to occupy it until the judgment entered below in this action. The only appellant is Luther Wells, who had purchased the land from the

heirs, or vendees, of J. W. Robinson. He obtained a deed for it in 1928.

This action was instituted in equity in 1928 by the appellees alleging their ownership of the land and that Tracey Robinson and Luther Wells were in the possession of the land. They sought judgment for the possession of the land and for the reasonable rental value of the land during the time the possession of it had been withheld by the defendants.

Luther Wells alone answered denying the allegations of the petition, and, in another paragraph, he pleaded a former action instituted in 1903 and prosecuted to judgment as a bar to the right of appellees to recover. The sole question to be determined is whether the former action is a bar to the right of recovery. The chancellor held that it was not.

The petition in the old action is made a part of this record with certain orders and the judgment. An answer and counterclaim was filed in that action, but the pleading is lost, and was not supplied, although it is stated that it was a denial of the title of the plaintiffs in that action. By inference the counterclaim was for the balance of the purchase money, but there is nothing to establish that fact. The judgment in the first action was in this language: "This cause being submitted for final judgment, it is now adjudged by the court that the plaintiffs, nor any of them, is entitled to the relief sought and the petition in equity is now dismissed and the defendants are awarded judgment for costs against the plaintiff upon which a fi fa may issue." This judgment was rendered on October 28, 1905.

At the time of the institution of the first action, J. W. Cornish was living, and he does not appear as a party to the suit. He had a curtesy interest in the land, and was entitled to the possession thereof, and the children of Mrs. Cornish were not entitled to the possession at the time the suit was instituted. There is nothing in the first judgment to indicate why the petition was dismissed. That petition was filed by the heirs of Serena J. Cornish, and it was alleged that she died intestate in 1891, leaving the plaintiffs as her children, and at that time she was the owner of the tract of land described in the petition which appears to be the same land mentioned in the last petition. It was alleged that some of the children resided with their mother on the tract of land at the time of her death, claiming it as a homestead,

and that they continued to reside on it for some time thereafter, when J. W. Robinson illegally and wrongfully took possession of the land. It was further alleged that in 1897, upon the death of J. W. Robinson, some of his children took possession of it, and that they were at the time wrongfully and illegally withholding possession from the plaintiff, that the title to the land was in the plaintiffs as the only heirs at law of their mother, and that they had a homestead interest in the land until the youngest should become twenty-one years of age. It was alleged that the land was worth less than $1,000, and that the reasonable rental value of the land was $75 a year, and that they were entitled to recover of the defendants the rents from the year 1897. Their prayer was for the possession of the land and for a judgment for the rental value. They did not seek to quiet the title to the land, or to have the title adjudged in them, but the sole purpose of the petition appears to have been to obtain the possession of the land so it could be used as a homestead. If that was the sole purpose of the suit, the judgment in that case would not be a bar to the judgment in the present suit, although it may be conceded that the former action was instituted by the same plaintiffs against those claiming under the same defendants.

It is true that a judgment in a suit between the same parties involving the same subject-matter is conclusive in a later action, not only as to every question which was decided, but also to every other matter which the parties might have litigated. Moore v. Schifflet, 208 Ky. 461, 271 S. W. 551. In the first suit it was sought to have the right of possession adjudged to the plaintiffs when they were not entitled to the possession because their father was still living and he had the right of possession. In the last suit it is sought to recover the possession of the land and a judgment that they are the owners, and that they are entitled to the possession and to have the title adjudged to be in them at the time of the institution of the second suit.

It is argued by counsel for appellants that the remaindermen had the right to sue even during the continuance of the life estate. That is true in some cases, but they cannot maintain a suit to recover the possession of real estate when they were not entitled to the possession.

The case of Alley, v. Alley, 91 S. W. 291, 28 Ky. Law Rep. 1073, is not in point, as in that action the suit

was instituted by remaindermen to establish their claim and to be placed in condition to make it available when the time should arrive at which they would be entitled to the use of the estate. It is well settled that remaindermen may institute a suit to quiet their title, although the life tenant is in the possession of the land. Such was the case in Bowe v. Richmond, 109 S. W. 359, 33 Ky. Law Rep. 173; Elam v. Alexander, 174 Ky. 39, 191 S. W. 666; Frey v. Clark, 176 Ky. 661, 197 S. W. 414; Shields v. Parsons, 230 Ky. 143, 18 S. W. (2d) 961. None of these opinions dealt with the right of a remainderman to recover the possession of the tract of land, but they all held that the remaindermen may preserve their rights in the land by a suit to have the rights determined which is in effect, always a suit to quiet title.

In the original suit filed in 1903, the children of Mrs. Cornish sought to recover the possession and the rents for withholding the possession apparently on the ground that they were entitled to use the land as a homestead. The dismissal of that petition in no way affected their rights or interest as remaindermen. Their right of action to recover the land did not accrue until the death of their father, J. W. Cornish, in 1928.

Judgment affirmed.