## Jackson et al. v. Pepper Gasoline Co.

Jan. 13, 1939.

W. DUNCAN HAMILTON for appellants.

FIELD McLEOD and McDONALD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

This is a forcible entry and detainer proceeding commenced in the Woodford Quarterly Court by the ap-

pellee, Pepper Gasoline Company, against the appellants, Paul Jackson, William Phelps and Robert Gains, who were defendants therein, the appellee being plaintiff. That court found defendants not guilty, but upon a traverse taken by plaintiff to the Woodford circuit court the jury trying the case therein returned a verdict of guilty upon which judgment was pronounced and defendants' motion for a new trial was overruled. They prayed an appeal to this court and superseded the judgment, but did not perfect the appeal; whereupon plaintiff and appellee obtained an authenticated copy of the record from the clerk of the Woodford circuit court and filed it in this court pursuant to the right given by section 741 of our Civil Code of Practice. It then entered motion that the judgment be affirmed "as a delay case," as is authorized by section 759 of the same Code.

All requirements of the settled practice in such cases were and have been strictly followed from the inception of the case in the Woodford Quarterly Court to the present time. However, no Bill of Exceptions containing the evidence heard at the trial in the circuit court, or certifying to any of the matters complained of in the motion and ground for a new trial, was filed, and which only leaves for consideration by this court the sufficiency of the pleadings to sustain the judgment, and which rule of practice is firmly settled by an unbroken line of opinions heretofore rendered by us. An examination of the record discloses perfect practice all along the line, and under the rule stated we could do nothing but affirm the judgment on an eventual submission of the case in the usual course. In such circumstances it is perfectly apparent that appellants can gain nothing by taking the appeal except the delay incident to the following of that course. There is presented, therefore, a clear case for the application of section 759 authorizing the affirmance of the judgment "as a delay case."

That conclusion leaves no alternative but to sustain the motion affirming the judgment "as a delay case," which is accordingly done, and the judgment is affirmed.