## Love's Ex'r et al. v. Stoker et al.

May 9, 1939.

W. J. GOODWIN for appellants.

HARDY & LOGAN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

Louvinia M. Love, at the time of making the conveyance to her daughter, Lillie Mae Stoker, here involved, and the validity of which is in controversy, was a widow, in extremely feeble health and some eighty years of age. She at the time had three children and one grandchild, the son of her deceased son, by her first husband, who, with the executor of her estate, are the

appellants in this action, and one daughter, Lillie Mae Stoker, by her second husband, who, with her husband, Elmore F. Stoker, are the appellees herein.

It is disclosed by the record that the only property, either real or personal, Louvinia Love owned was a small apartment building on Story Avenue, Louisville, Kentucky.

On November 10, 1936, Louvinia Love conveyed, by general warranty deed, this property to her daughter, Lillie Mae Stoker, thereby disinheriting her other heirs at law.

Ten days following the making of this deed, or on November 20, 1936, Louvinia Love brought her action (No. 249409) in the chancery branch of the Jefferson circuit court, seeking its cancellation on the grounds, alleged in her petition, that the conveyance was procured from her by her daughter through fraudulent representations, undue influence and without consideration.

The defendant, Lillie Mae Stoker, filed answer joining issue on these questions.

Whereupon, the chancery court directed an issue out of chancery, transferring the case to the common law branch for the purpose of a jury trial for the determination of these issues.

On June 22, 1937, these issues were tried before a jury, when, upon the completion of the plaintiff's testimony alone, the court peremptorily instructed the jury to return a verdict in favor of defendant, Lillie Mae Stoker, and accordingly the jury returned a verdict in harmony with the instruction given, that the deed was not obtained by defendant by fraudulent representations, undue influence and without compensation paid therefor.

The case was thereupon referred back to the chancellor with the verdict of the jury.

On November 9, an intervening petition was filed by the children or heirs at law of Louvinia Love other than the defendant, wherein practically the same allegations were made and cancellation of the deed sought upon the same grounds as were set out in the petition of their mother, Louvinia Love.

On December 10, 1937, on motion of the defendant,

said intervening petition was ordered stricken from the records by the chancellor and final judgment was entered in said action, dismissing the petition.

Following such disposition of this action (No. 249409) brought by Louvinia Love, as hereinabove set out, it is shown by the record that on February 11, 1938, an inquisition was held in the Jefferson county court to determine the question of the sanity of Louvinia Love, when it was found and adjudged that she was a person of unsound mind and that such condition of mental incapacity existed at the time, and some months prior thereto, she attempted to execute the deed in question to her daughter. Her son, Fred W. Moore, was appointed committee for her.

On March 9, 1938, Fred W. Moore, as committee of Louvinia Love, together with the other heirs at law of Louvinia Love other than Lillie Mae Stoker, brought this new action (No. 255402) against Lillie Mae Stoker, wherein, by the petition, it was alleged that the deed in controversy, executed by their mother, Louvinia Love, to defendant, in November, 1936, was void, because of the fact (as found and established upon the inquisition held upon the question of her mental soundness) that she was then mentally incompetent and without capacity to make the deed in controversy or to understand the nature of her act in executing it, and that such was her condition when she filed the original action (No. 249409), seeking to have the deed cancelled, and testified upon the trial of that action; and that, due to such mental condition, she did not then know or understand what she was saying or doing and was unable to give any rational statement of the facts.

On May 17, 1938, the court sustained defendant's motion to dismiss this action brought by Louvinia Love's committee and dismissed the petition.

At the time of so adjudging, the court delivered a written opinion, which it ordered made a part of the record, wherein was set forth the grounds of its holding as follows:

"By examination of the record in action 249409 (styled Louvinia M. Love v. Lillie Mae Stoker) we find that a trial was had, motion and grounds for a new trial overruled, and on motion, the record in that action has been consolidated with and made a part of this action.

"The law presumes a person to be of sound mind until a court of competent jurisdiction adjudges him incapacitated. At the time this action was tried, Louvinia M. Love was presumed to be of sound mind. She testified and it appears from her evidence that she is fully capable of transacting her own business. The same counsel and the same parties took part in the trial of that case. The committee has no better rights to maintain an action than had Mrs. Love. Since he was appointed, he stands in the place of Mrs. Love.

"In Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754, the Court of Appeals laid down the doctrine of res judicata and it is the settled rule in Kentucky that the doctrine of res judicata means that where a question or a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no question or fact that was litigated or could have been litigated therein can thereafter be relitigated by the same parties or their privies.

"The petition shows that all the questions that the parties are now seeking to litigate were or could have been litigated in the former action and since the committee is a privy of Mrs. Love, who litigated all the questions that can be litigated in this action, he should not be permitted to maintain this action."

As stated above, this judgment, dismissing the committee's action brought on March 9, 1938, was entered May 17, 1938. Before the date of its rendition, to-wit, on May 5, 1938, Louvinia Love died.

Following her death, on May 28, 1938, the appellant moved the court to set aside its order entered May 17 and to be allowed to file an amended petition, which he tendered, suggesting to the court the death of Louvinia Love and showing that her committee had filed final settlement as such, that he had been duly appointed by the Jefferson county court as executor of her estate and asking that the action be revived in his name, as executor of her estate.

Order was thereupon entered, setting aside the judgment of May 17, 1938, and the amended petition was ordered filed and the action revived and continued in the name of Fred W. Moore as executor of the estate. It was further ordered that the action be submitted for

final judgment on the appellee's motion to dismiss the petition, when the motion was sustained and the petition dismissed in accordance with the opinion heretofore rendered May 17, as set out supra.

From this judgment, dismissing the petition on the grounds that the suit was, in accordance with its earlier judgment of May 17, res judicata, an appeal is prosecuted.

The question presented by the appeal is: Was this second suit, filed by the committee of Louvinia Love on March 9, 1938, seeking cancellation of the deed executed by her to her daughter on November 10, 1936, barred (as being res judicata) by reason of the adjudication made in the prior suit of Louvinia Love against her daughter, Lillie Mae Stoker, in which she sought to have cancelled the deed made her on the grounds that same was obtained from her by fraud, undue influence and without consideration?

Upon these three grounds alone the validity of the deed and grantor's right to cancel same was in the first action prosecuted.

Appellant contends that the ground relied on in this, the committee's, action for cancellation of the deed (namely, that Louvinia Love was insane at the time of executing it) was not a ground either alleged, considered or determined in Louvinia Love's earlier action, wherein were alleged the entirely different invalidating grounds, that the deed was obtained by fraud, undue influence and lack of consideration.

The trial court, as stated above, dismissed the committee's suit as presenting the same questions or facts which had been litigated between the same parties in the earlier action, which, under the doctrine of res judicata, was barred.

It is our conclusion, reached after a careful consideration of the pleadings, evidence and rulings of the court thereon, that the learned trial judge was in error in holding that the question of the right of the incompetent, Louvinia Love, to have the deed she executed to her daughter cancelled upon the ground that she was not a person of sound mind when executing it, was a matter not previously adjudged or which might have been adjudged in the earlier action, brought by her to cancel this same deed on entirely different grounds.

We fully concur in the learned trial court's statement that the rule and doctrine of res judicata obtains in this state, and that where ''a question or a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no question or fact that was litigated or could have been litigated therein can thereafter be litigated by the same parties or their privies.'' However, the next question presented is: Was the question of Louvinia Love's sanity or mental capacity presented or decided in the suit filed by her, asking the cancellation of the deed on the other grounds set out supra.

It is disclosed by the record, and pleaded in the petition of the committee filed in this action, that Louvinia Love at the time of filing the former action and testifying upon its trial, as well as at the time of attempting to execute the deed in controversy, was a person of unsound mind, both incompetent to legally sue in her own person or to understand the nature of her act in executing the deed, which he seeks to have cancelled on such grounds.

The learned chancellor, however, was of a different opinion and, notwithstanding such showing made by the record, dismissed (on defendant's motion) this later action brought by the committee, on the ground that the question presented was made res judicata by the judgment rendered in the former action on December 10, 1937, and further adjudged that the deed should not be cancelled upon the specific and different ground therein relied on for its cancellation.

In order to sustain the ruling of the chancellor made in his judgment and opinion of May 17, in dismissing this later action as one res judicata by the determination made in the former action (wherein judgment was rendered December 10, 1937, dismissing plaintiff's petition, in that the deed was not obtained by fraud, undue influence or without consideration, the grounds therein relied on for cancellation of the deed) we must find that the question presented in this later action was one between the same parties and upon the same facts and questions as were presented and determined in the former action.

The doctrine of res judicata is, as set out in the learned chancellor's opinion, that where a final judgment is rendered on the merits, by a court having juris-

diction of the subject-matter and parties, it is conclusive on the rights of the parties and their privies in another suit on the points and matters in issue in the first suit, and as to matters which might have been presented and therein determined, for the reason that such a judgment on the merits in the former action concludes the parties and their privies, not only as to the questions presented upon the issues therein actually determined, but as to such other connected matters and questions as might have been therein litigated. Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Wren v. Cooksey, 155 Ky. 620, 159 S. W. 1167; Stone v. Winn, 165 Ky. 9, 176 S. W. 933; Parks v. Parks, 209 Ky. 127, 272 S. W. 419.

The salutary philosophy of this rule is thus aptly stated in Hobson, etc., v. Commonwealth, 62 Ky. 172, 1 Duv. 172:

"Public policy and individual security and repose forbid a relitigation of the same cause of action, after one fair and final decision on the rights of the same parties. Any other doctrine would license negligence, encourage fraud, invite vexatious oppression, and universally shake the stability and effect of solemn judgments."

The salutary effect and just philosophy of this rule makes its application, in proper instance, highly desirable, but on the other hand, in working out the just ends sought by it, it is equally important that the rule be not applied where the facts disclosed by the record do not present a case of relitigation of the same cause of action after one fair and final decision of the rights of the parties.

In this second action, brought by the committee, it was alleged, as stated supra, that shortly after the rendition of the former judgment in the suit brought by Louvinia Love for the cancellation of the deed executed her daughter, upon an inquest held, it was conclusively shown and judicially declared that Louvinia Love was a person of unsound mind, not only at the time the inquest was held, but when she attempted to execute the deed in question, when she filed her suit for its cancellation and when she testified upon the trial therein; that she was without capacity, by reason of her mental incompetency, either to execute a deed or to understand the nature of her act in so doing and its effect of di-

vesting her of title in the property conveyed; and that she was incapable of testifying as to her actions in respect to such matters.

Such being the adjudication made upon the inquisition, a committee was appointed for her and such committee has brought this action, setting out such adjudication of Louvinia Love's being a person of unsound mind, and upon such ground he seeks a cancellation of the deed made to her daughter, when acting under such condition of mental incapacity.

We are clearly of the opinion that the question of Louvinia Love's mental unsoundness and her right, upon such ground, to the cancellation of the deed, executed without understanding what she was doing and when laboring under such incapacity, was clearly a different question from that adjudged in the former action brought by the plaintiff, when incompetent, and it is also our opinion that the two actions were different as to the parties litigant.

It must needs be conceded that a person, legally adjudged to be of unsound mind at the time of attempting, in her own person, to file a suit, is incompetent to bring the suit and can not enter her appearance in the action so as to confer jurisdiction in the court over her person.

In such instance, the court, even though one of competent jurisdiction over the subject-matter of the action, is without jurisdiction of her person and thus having no jurisdiction over the person of plaintiff, a determination made as to the subject-matter of the suit can be of no force or binding effect upon the incompetent.

Such being the case, clearly its judgment cannot be res judicata as to any matter therein determined, or which might have been therein litigated, where the same question is presented for determination in an action properly brought by a privy of the incompetent.

It being our conclusion that, under the circumstances stated, there never has been any legal determination of the question of the incompetent Louvinia Love's right to have cancellation of the deed in controversy ordered, upon the ground of her mental unsoundness when executing it, it follows that the learned chancellor's ruling in otherwise holding, by adjudging that the later suit here before us, brought by the duly appointed committee of the incompetent and seeking can-

cellation of the deed on the ground that she was a person of unsound mind when executing it, was barred under the rule of res judicata, was prejudicially erroneous and for such error committed, the chancellor's decree must be and it is reversed.

Cause remanded, with directions to set aside the chancellor's judgment dismissing plaintiff's petition and for further proceedings consistent herewith.