## Jackson et al. v. Pepper Gasoline Co. et al.

Oct. 22, 1940.

Chester D. Adams, Judge.

Hamilton and McCord for appellants.
McDonald & McDonald for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

On August 19, 1937, E. P. Jackson leased a certain filling station property in Versailles to the Pepper Gasoline Company for five years for an agreed rental of an amount equal to one cent a gallon on gasoline delivered there. On the same day the company leased the premises back to Jackson for the same period for the sale of its products, the rental being also one cent a gallon on gasoline delivered. The company installed tanks, pumps and other equipment. In September, 1938, it exercised its option to cancel the lease to Jackson. Forcible detainer proceedings were instituted by it to recover possession and a judgment in favor of the company was rendered and affirmed. Jackson v. Pepper Gasoline Company, 276 Ky. 302, 124 S. W. (2d) 93. Jackson then brought suit seeking to have his lease as owner to the Pepper Gasoline Company held invalid for want of mutuality. An adverse judgment was affirmed. Jackson v. Pepper Gasoline Company, 280 Ky. 226, 133 S. W. (2d) 91; 126 A. L. R. 1370. Those suits were in the Woodford Circuit Court. The present suit brought in the Fayette Circuit Court by Jackson and two others, to whom he had sold an interest in the property, sets up a contract between Jackson and the Gasoline Company, first executed on February 15, 1937, and renewed on June 1, 1938, whereby Jackson became the distributing and sales agent of the company for all its products in Woodford, Jessamine and Franklin Counties. The goods were furnished the agent on consignment, with payment of commissions as stated in the contract. It appears that that contract was terminated before the forcible detainer proceeding was instituted. It is alleged that this was the only real contract between the parties; that the two leases were executed as a matter

of form and were sham contracts; that the defendant always paid the plaintiff under the terms of the distributing agency contract; that the property was used only as an incident to that relationship; that the relation of landlord and tenant was never contemplated and never existed; that the agency relationship is "an overriding fact" and that contract "was the sire of the legal rights of the parties"; that the three instruments are to be regarded as a unit contract; and that same has never been construed or considered by the courts in the previous litigation. The other suits and judgments are questioned and in a measure collaterally attacked. This suit is in the form of one for a declaratory judgment and several questions are asked the court to be answered in a judgment. Plaintiffs were required to file the three contracts relied on and the pleadings and orders in the suits were made a part of this petition. The circuit court was of opinion that all things set up were res adjudicata and dismissed the petition. The plaintiffs appeal.

That the lease contracts were not shams but legal and binding obligations was settled by the previous judgments and those judgments carried a construction of the instruments. Though the agreed rentals offset one another, by the leases the company was enabled to have its products sold at that place and to control those sales. The owner received the benefit of that agency and the profit he made on the sale of the company's products there. The distributor's agency contract was entirely separate and wholly independent. It appears to have been first executed before Jackson became the owner of the property involved. The exercise of the right by the company to terminate its re-lease to the owner and the omission of a like reservation in the original lease has created a situation probably not contemplated by Jackson. It may be true, as plaintiffs allege, that the rental for the property, calculated on the basis of one cent a gallon on gasoline delivered, is so small as to be inequitable and that the company has re-let it to another at a substantial profit. But the courts cannot set aside a contract made by competent persons dealing at arm's length merely because one party secures an advantage in the transaction.

The allegations of the petition as amended as to the character of the relationship of the parties arising out

of the three contracts are to be considered in connection with the instruments themselves, and under familiar law those exhibits as construed by the court must control the decision on the legal efficacy of the pleading. The records of the former litigation, made a part of the petition, fully disclose its subject matter and disposition. Ordinarily the defense of res adjudicata must be pleaded, but where the facts are shown in the petition or other pleading of the adverse party the question may be raised by demurrer. Holtheide v. Smith's Guardian, 84 S. W. 321, 27 Ky. Law Rep. 60. Conceding arguendo that the distributor-agency contract was the underlying one, or, as plaintiffs say, the "sire of the others," that the three instruments should be considered as a unit in determining the rights of the parties, and when so considered that every contention of appellants must prevail, the fact remains that the basis of the contention, namely, the agency contract, could have been brought in and the question could have been decided in the other suits.

The rule of res adjudicata is that a question or a fact which could have been or might have been litigated in a previous action cannot thereafter be re-litigated by the same parties or those in privity with them. This includes every matter which was offered and received or might have been admitted to sustain or defeat the claim or demand. Love's Ex'r v. Stoker, 278 Ky. 555, 128 S. W. (2d) 922. The authorities upon which appellants principally rely are not at variance with this fundamental and necessary rule. They relate to cases where a distinct cause of action might have been but was not joined with that adjudicated. Thus in Schuster v. White's Adm'r, 106 Ky. 317, 50 S. W. 242, 20 Ky. Law Rep. 1852, it was held that a judgment in an action on an express contract for board was not a bar to an action on an implied contract for nursing and care during the same period; and in Thornbury v. Virginia Iron, Coal & Coke Company, 216 Ky. 434, 287 S. W. 698, an action to recover minerals in one tract was held not to bar an action for minerals in another tract some distance away, the source of title being different. The other cases cited are of the same character.

As has been often stated, the best and most accurate test as to the identity of causes of action is whether the same evidence would sustain both. Still proceeding

on the hypothesis—and only an hypothesis—of an indivisible or unified contractual relation, or that the agency contract affected and controlled the apparent landlord and tenant relationship, it is certain that the same evidence on the issue of the right of possession of the property in the forcible detainer proceeding, namely, the lease, must have been regarded in this suit, and that the lease claimed to be not binding for want of mutuality must have been considered in the interpretation of the three-in-one contract. Conversely, the claimed underlying contract might have been introduced in either or both of the other cases as affecting the result. We think the court properly sustained the demurrer to the plaintiff's petition as amended and dismissed it.

Judgment affirmed.

Judge Cammack not sitting.