## Felty v. Olwan.

Dec. 13, 1940.

Watt M. Prichard, Judge.

S. S. Willis for appellant.

Martin & Smith for appellee.

Opinion of the Court by Judge Tilford—Affirming.

On September 19, 1935, appellant instituted this action against appellee to recover the face value of five promissory notes alleged to have been executed by appellee to the Ashland National Bank and paid by appellant, an accommodation indorser, in the summer of 1926. By an amended petition it was alleged that the first of the five notes had been made payable to appellee instead of the Bank but that the proceeds had been placed to appellee's credit after appellant had indorsed it, and that the fifth note had been made payable to appellant instead of the Bank but that the proceeds had likewise been placed to appellee's credit. By another amendment appellant sought an additional recovery of $2,200, representing the proceeds of a lost note alleged to have been executed by appellee to appellant on May 11, 1926, the proceeds of which were similarly credited. The petition as finally amended sought judgment for the principal amount of the notes, $10,300, plus interest from the respective dates on which the appellant claims to have paid them to the Bank.

Without reciting the details of the pleadings, it is sufficient to say that among the defenses interposed were a denial by appellee that appellant paid any of the notes referred to, and an affirmative plea that on December 5, 1931, the appellant had filed in the Federal Court a voluntary petition to be adjudged bankrupt, without listing or scheduling among his assets any claim of any nature against appellee, and on October 11, 1932, had obtained a discharge, and that by reason of said bankruptcy the title to all property owned by appellant on December 5, 1931, including any claim he had against appellee passed to and became the property of the trustee in bankruptcy. The trial resulted in a verdict for the appellee and a dismissal of the petition.

764

The Trial Court ignored defenses predicated upon the five year Statute of Limitations and appellant's failure to list the notes for taxation prior to July 1, 1938, and by the first and second instructions directed the jury in effect to find for the appellant the amount of any of the notes which he was compelled to pay, unless he had been reimbursed through certain credits arising out of a mortgage executed by appellee to the Bank and an obligation of appellant to appellee arising out of certain oil and real estate transactions. By a third instruction the Court informed the jury:

> "Under the law the title to all of the assets of a bankrupt upon his adjudication pass to his trustee and the notes in question so passed and for that reason you should find for the defendant unless you believe and find from the evidence that the trustee in bankruptcy knew of the existence of the notes in question and made no effort to take possession of same or take or administer same as an asset of the estate."

While we are of the opinion that the evidence was amply sufficient to have supported a verdict for the appellee upon the issues submitted by the first and second instructions, we perceive no object to be accomplished by discussing it, in view of our conclusion that even though appellant had in fact paid the notes without reimbursement, any right of recovery which in consequence accrued to him vested in his trustee in bankruptcy and did not thereafter revert to him.

Appellant's counsel concede that by virtue of the provisions of Section 70, Subsection a (6), of the Bankruptcy Act, 11 U. S. C. A., Section 110, Subsection a (6). the right of action passed to the trustee, but contend that under the doctrine that a trustee may elect not to accept title to a bankrupt's property and that such an election may be inferred from a failure to act, the right of action against appellee reverted to appellant upon the closing of the bankruptcy proceedings without any effort to collect having been made by the trustee. Recognizing that the trustee could not have elected without having been informed of the facts, they introduced as a witness the official stenographer of the Boyd Circuit Court who testified that he remembered having attended a meeting at a hotel in Ironton, Ohio, in 1931 or 1932, at which appellant informed the trustee in

bankruptcy of the existence of the notes and offered to surrender them, but was told by the trustee that if they were not worth anything "we will just let it drop." Appellant testified that the meeting was held in Ironton because of some trouble he was in in Kentucky, and that the trustee declined to accept the notes after appellant had informed him of appellee's financial condition. But no minutes or records of the meeting were produced; it was not shown that any creditor was present; and the trustee, when introduced as a witness by appellee, stated that he had no recollection of appellant having mentioned the notes or his claim against appellee.

While a trustee in bankruptcy is a representative of the creditors, as well as a repository of the title to the bankrupt's property, and may disclaim burdensome property, the creditors are by the mandatory provisions of the Bankruptcy Act entitled to full information respecting all assets and to an opportunity to be heard on the question, whether the trustee should renounce any one of them. Sparhawk et al. v. Yerkes et al., 142 U. S. 1, 12 S. Ct. 104, 35 L. Ed. 915; Lincoln National Life Ins. Co. v. Scales, 5 Cir., 62 F. (2d) 582. It is not shown that any creditor had notice of appellant's alleged claim against appellee, and it is stipulated in this suit to enforce it, "That plaintiff filed a petition in bankruptcy in U. S. District Court at Catlettsburg, Kentucky, on December 5, 1931; that he listed liabilities of $99,407.99; that he did not schedule the notes sued upon and did not list or schedule the defendant as a debtor or creditor; that a petition for discharge was filed June 12, 1932, and granted October 11, 1932."

Without questioning the soundness of those decisions in other jurisdictions holding that without petitioning the Court for authority so to do, a trustee in bankruptcy, by his failure to act, may be held to have elected not to take title to a particular asset of the bankrupt, we are, nevertheless, certain that the application of this rule should be confined to scheduled assets, and that it would be contrary to both the letter and the spirit of the Act, as well as against public policy, to permit a bankrupt to assert title to property, tangible or intangible, which he failed to list. Stephan v. Merchants' Collateral Corporation, 256 N. Y. 418, 176 N. E. 824. It follows that the Court should have peremptorily instructed the jury to return a verdict for appellee.

This conclusion renders it unnecessary to consider the defenses predicated upon the Statute of Limitations or appellees' failure to list the notes for taxation.

Judgment affirmed.