## Harris v. Harris.

Nov. 30, 1943.

C. B. Upton for appellant.

Guy L. Dickinson and Zeb. A. Stewart for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The action was instituted October 16, 1942, by appellee, J. V. Harris, against his father, C. A. Harris, to recover the sum of Five Hundred Forty-Nine Dollars ($549), representing the amount appellee testified was paid by him on a mortgage loan on real estate which, under a contract of purchase, was conveyed to him by his father. Payments were made while appellee was in possession of the property under the deed aforesaid. The consideration for the deed was the assumption by appellee of the payment of the mortgage loan. In an action filed in the Knox Circuit Court June 3, 1941, between appellant, plaintiff, and appellee and his wife, defendants, the deed was canceled because "* * * the consideration for the execution of said deed from the said C. A. Harris to said J. V. Harris has wholly failed * * *." The judgment from which the above quotation has been copied was rendered by default March 5, 1942, although both defendants were duly summoned. Appellant pleaded the former action as a bar to appellee's right to recover herein under the doctrine of res adjudicata. It is argued that the plea is not available, because the former suit primarily was one to cancel the deed, and the question of the amount expended by appellee in pursuance of the contract was not adjudicated.

We cannot agree with this contention. The doctrine of res adjudicata has been succinctly stated by this Court in Stone v. Winn, 165 Ky. 9, 176 S. W. 933, 939, wherein the Court quotes from the opinion of Mr. Justice Harlan

of the Supreme Court in the case of Southern Pac. R. Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355, as follows: "A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." The plea of res adjudicata applies not only to the point upon which the Court was required to pronounce judgment, but likewise extends to every point which properly belonged to the subject of litigation in the first suit, and which the parties might have brought forward at that time, even though by failure to exercise reasonable diligence they failed to do so. Phillips v. Big Sandy Co., 149 Ky. 555, 149 S. W. 957; McKenzie v. Hinkle, 271 Ky. 587, 112 S. W. (2d) 1019. In Bassett v. Bassett, 179 Ky. 567, 200 S. W. 915, 916, the Court said: "Res judicata not only includes all facts and questions that were litigated in the action, but those also that could properly have been litigated, and such as could properly have been litigated in the first action cannot thereafter be relitigated by the same parties or their privies." Appellant and appellee were adverse parties in the action pleaded as a bar herein. The petition alleged in substance, and it was so adjudged, that appellee had not paid any portion of the consideration for the deed. Appellant admitted the allegation of the petition by failing to answer and make defense to that suit. The pleadings and evidence in the instant case show clearly that the recovery herein sought is for an amount alleged to have been paid upon the consideration recited in the deed, and upon which judgment was pronounced in the first case. By the exercise of ordinary diligence, appellee could have asserted the rights he contends for in this action. That being true, and since the first judgment was rendered by a court of competent jurisdiction, the doctrine of res adjudicata applies, and the plea should have been sustained by the Court.

The judgment is reversed, for proceedings consistent with this opinion.