## Potts v. Potts.

May 30, 1944.

J. A. Edge for appellant.

A. B. Thomason for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

The appellant secured a judgment of divorce from the appellee in the Fayette Circuit Court in the year 1935. She neither sought nor was awarded alimony. The judgment directed generally a restoration of property obtained by the parties by virtue of the marriage relation.

In the year 1940 the appellee filed in the Fayette Circuit Court action No. 25077 in which he secured judgment against the appellant for $5,439.19, representing the value of a dairy herd and a half interest in a farm transferred by him to the appellant while they were married. The judgment merely effectuated the general judgment of restoration of property entered in the divorce action. The appellant defended the action but did not set up a claim to alimony as a defense to the appellee's cause of action, nor did she plead as a defense the payment by her of a $5,700 note for the appellee, on which she was surety. The pertinency of this latter claim will appear later.

Execution was issued on the appellee's judgment for $5,439.19 and levied on a house and lot in Lexington owned by the appellant. Notice of the execution and levy was recorded. After the recording of the notice a mortgage on the house and lot, executed by the appellant to a bank, was put to record.

The present action was filed by the appellee against the appellant and the mortgagee bank, seeking a sale of the house and lot to satisfy the execution lien, it being alleged that the bank had notice of the appellee's lien when it took the mortgage. In the petition the judgment in action No. 25077 was pleaded verbatim and this judgment shows that it was effectuating a restoration of property obtained by virtue of the marriage relation. The bank answered, disclaiming any lien on the property. The appellant, as a defense, sought to recover alimony as a set-off against the execution lien and also pleaded that during the marriage relation she had been required to pay a note of the appellee for $5,700, which she had signed as surety and which was secured by mortgage on her property.

The chancellor sustained a demurrer to the appellant's pleading and, no further defense being offered, adjudged the appellee a lien on the house and lot by reason of the levy of the execution.

On this appeal it is insisted that the appellant was entitled to assert in this action her claim to alimony and her claim on account of the $5,700 note paid by her. In support of this contention the appellant relies on Hanks v. Hanks, 282 Ky. 236, 138 S.W. 2d 362. There we held that where a wife is granted a divorce without alimony she may, in a subsequent independent action by the husband to secure a restoration of property obtained by her during the marriage relation, assert her claim to alimony to prevent being deprived of property, the possession of which was the consideration which induced her to forego the right to alimony. Under this rule the appellant would clearly have been entitled to assert the claims now made by her in action No. 25077, in which the appellee secured his judgment for restoration of property. But since these claims could, and should, have been asserted as a defense in that action, the judgment in that action is clearly res adjudicata on the question before us. In Jackson et al. v. Pepper Gasoline Corp. et al., 284 Ky. 175, 144 S.W. 2d 212, 214, we said ''The rule of res adjudicata is that a question or a fact which could have been * * * litigated in a previous action could not thereafter be relitigated by the same parties or those in privity with them. This includes every matter which was offered and received or might have been admitted to sustain or defeat the claim or demand.'' See Wells v. Cornish, 237 Ky. 236, 35 S.W. 2d 308; Newhall v. Mahon 245 Ky. 626, 54 S.W. 2d 26; Combs v. Prestonsburg Water Co., 260 Ky. 169, 85 S.W. 2d 15. The claims now asserted by the appellant could, and should, have been asserted in action No. 25077 and, therefore, may not now be asserted in this action.

Counsel for appellant makes much complaint because the chancellor, in arriving at his conclusion, took judicial notice of action No. 25077 in his court. It is insisted, that the defense of res adjudicata, if not pleaded, must be shown by the adversary's pleading in order for the question to be available on demurrer, and that it was not pleaded here and did not appear in the pleadings in this action. But, even if the chancellor was not authorized to take judicial notice of the former actions between the parties in his court (a question not decided), the judgment in action No. 25077 was pleaded in the petition and this judgment was sufficient to disclose that the matter was res adjudicata. Even if this were not true, then the pleadings filed by the appellant after

the chancellor rendered his opinion and before judgment was entered were amply sufficient to establish the defense of res adjudicata. These pleadings, filed by the appellant, pleaded the petition, answer and judgment in action No. 25077 and clearly established the defense of res adjudicata.

Complaint is also made that a second judgment was rendered in this action for the $5,413.19 for which the appellee secured judgment in action No. 25077. Ordinarily such a rendition of a second judgment is improper. Shaw v. McKnight-Keaton Grocery Co., 231 Ky. 223, 21 S.W. 2d 269. But in that case it is pointed out that there are cases where such a second judgment is not prejudicial. We think the rendition of a second judgment was not prejudicial here since it clearly appears from the judgment that it is but a re-affirmation of the previous judgment, and the ultimate effect of the judgment as a whole is to award the appellee a lien on the house and lot for the amount of the original judgment. We see no possibility of harm or prejudice to the appellant from the second judgment.

Affirmed.