## Potts v. Potts.

Feb. 27, 1945.

J. A. Edge for appellant.

A. B. Thomason for appellee.

Opinion of the Court by Chief Justice Tilford—Affirming.

As stated in appellant's brief, "this is a related and companion case" to the case bearing the same caption affirmed by this Court on January 19, 1944. See Potts v. Potts, 299 Ky. 216, 184 S. W. 2d 987. As also said in appellant's brief, the purpose of the present suit "was to obtain a judgment for the claims in the record so they could be offered to set off and extinguish the judgment in that case." Apparently, "the claims in the record" are substantially the same as those rejected, not only by the courts of this State, but by the Federal Courts. Potts v. Potts, supra; Potts v. Potts, 298 Ky. 99, 100, 181 S. W. 2d 393, and In re Potts, 6 Cir., 142 F. 2d 883.

But we are not concerned with the question of prior adjudication, since the judgment appealed from dismissed the petition because, as shown by plea in abatement which the Chancellor sustained, appellant, prior to the institution of the action, had been adjudged a bankrupt, and the right to prosecute it had vested exclusively in the trustee in bankruptcy. See Felty v. Olwan, 284 Ky. 762, 145 S. W. 2d 1059.

There was no attempt by appellant to show that the trustee renounced title to the claims. On the contrary, it would appear from In re Potts, supra, that appellee's alleged indebtedness to appellant was unsuccessfully asserted in the bankruptcy proceedings as an offset to appellee's judgment.

Appellant's allegation that the trustee consented to the institution by her of the present action may be disposed of, if regarded as material, by the statement that the record shows no such consent, or any reason why it should have been given.

Judgment affirmed.