## Black et al. v. York.

June 1, 1945.

R. S. Rose and R. L. Pope for appellant.
John A. Doyle for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On June 23, 1943, the appellees filed an action in the Harlan circuit court against appellants, Local Union No. 6076, United Mine Workers of America and the members of its committee, to recover the amount of $300 due as a burial fund to a deceased member of the association and which defendants contend was a voluntary one managed by a committee. Defendants declined to pay the amount to plaintiffs after demand made therefor, and they sought recovery for the amount due under the membership contract of deceased. Counsel for defendants in *that* action filed a special demurrer to the petition which the court overruled and the cause was continued until

the next term of the court for the filing of an answer, but none was filed and continuances were made at subsequent terms of the court for the filing of an answer, but none was filed.

On February 23, 1944, default judgment was taken. After that term had expired counsel for defendants therein (the instant appellants) filed a motion to set aside the default judgment but they tendered no formal answer with their motion .However, they did incorporate in it the alleged grounds upon which it was based, and which counsel contended rendered the default judgment totally void, chiefly upon the ground that defendants were a voluntary association managed by a committee consisting of four members who were expressly named as defendants together with the name of the association they represented. The court overruled the special demurrer filed in that action followed by the continuances of the cause as above set out awaiting the filing of an answer, but which, as stated, was never done.

On March 31, 1944, defendants in that action filed this equity action in the same court against plaintiffs in the judgment wherein appellees herein (plaintiffs in the judgment) were sought to be enjoined from taking any steps to enforce the collection of the judgment upon the same grounds that were urged in the motion to set it aside. Defendants, and appellees herein, filed a general demurrer to that petition which the court sustained, followed by its dismissal after plaintiffs therein declined to plead further, and from that judgment they prosecute this appeal.

It will be perceived that no appeal was ever prosecuted to this court by the defendants in the judgment for $300, nor did they appeal from the order of the court overruling their motion to set that judgment aside upon the grounds therein stated, and which are the same ones relied on in the instant equity action to enjoin the collection of the judgment. Therefore, the case of Hill v. Walker, 297 Ky. 257, 180 S. W. 2d 93, 154 A. L. R. 814, cited and relied on by appellants' counsel has no bearing on the question involved in this case (hereinafter to be considered). In that case the defendants against whom the judgment was rendered were never summoned, nor did they otherwise appear in the case, but nevertheless the default judgment was rendered against them

without their knowledge and consequently they made no motion in the trial court to set it aside upon the ground that it was void for any reason whatever. Therefore, there was no ground presented to the trial court which was attempted to be litigated for the first time in the later filed injunction action. In the instant action, however, appellants, as plaintiffs below, seek a readjudication of the same grounds that were presented to the trial court in the motion to set aside the judgment which it adjudged against them. Therefore, the doctrine of Res Judicata is effective as a defense against the relief sought in this action and fully supports the ruling of the trial court in sustaining the demurrer to the petition.

It is true that an estoppel, including those founded on former adjudication, should ordinarily be pleaded, but that rule of practice appears to be nonessential when the pleading to which the estoppel is interposed manifests on its face the essential facts to constitute the estoppel. Such exception to the rule is thus stated in the text of 30 Am. Jur. 989, section 262: "In the absence of the applicability of a statutory provision to the contrary, advantage, of an estoppel based upon a prior adjudication appearing in the adverse party's pleading, may be taken by demurrer, provided, of course, the objection appears from the face of the plaintiff's pleadings." The same practice rule is also reiterated in section 271, page 992 of the same volume. In 120 A. L. R., beginning on page 8, appears a long annotation under the heading "Pleading waiver, estoppel, and Res Judicata." On page 84 of that volume under the heading "Where the matter appears on the face of the pleading" the annotator says:

"Another exception to the rule requiring estoppels or waiver to be specially pleaded is where the estoppel appears in the adverse party's pleadings; in such case it need not be specially pleaded, whether it is an estoppel in pais, or a waiver, or as an estoppel by deed, or an estoppel by a prior adjudication."

The exception to the general rule requiring an estoppel to be pleaded by the one relying on it—as so stated in the text and annotation referred to—was adopted and applied by this court in the case of Holtheide v. Smith's Guardian, 27 Ky. Law Rep. 60, 84 S. W. 321, 323, wherein we said: "Ordinarily, the defense of res judicata is

required to be presented by plea, but it may be raised by demurrer, when the pleading demurred to presents, as in this case, the facts showing the former adjudication." In almost the same language the same ruling was made by us in the case of Jackson v. Pepper Gasoline Co., 284 Ky. 175, 144 S. W. 2d 212, 214, wherein we again said: "Ordinarily the defense of res adjudicata must be pleaded, but where the facts are shown in the petition or other pleading of the adverse party the question may be raised by demurrer."

The record of the case in which the $300 judgment was rendered is not here. Therefore, we are uninformed as to what happened during that trial, except as is stated in plaintiff's petition to which the court sustained a demurrer. It is shown therein, as we have hereinbefore stated, that reliance was had upon the same facts sought to be litigated in this instant action in the motion and grounds for setting aside the default judgment, and no appeal was taken from that order. As stated in the very recent opinion of this court in the case of Ward v. Hurst, decided May 25, 1945, and not yet reported, "the due process clause of our Constitution does not guarantee to the citizen more than one hearing in a court of competent jurisdiction for the protection of his rights growing out of the same facts." 189 S. W. 2d 594.

Since all of the grounds relied on for the injunctive relief sought in this action were presented, considered and determined by the trial court in denying the motion to set aside the default judgment, appellants are not entitled to again relitigate the same questions which the court determined against them in that overruling order. The facts showing such former adjudication appear, as stated, in the petition seeking the injunctive relief, and under the authorities supra the court did not err in sustaining appellee's demurrer to the petition and dismissing it upon the ground that the plaintiffs are estopped to maintain the action under the doctrine of Res Judicata. Wherefore, the motion for appeal is sustained and the judgment is affirmed.

The whole Court sitting.