## Roberts v. Greene.

**May 3, 1949**

James S. Greene, Jr., for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellant operated The Jersey Dairy in Harlan, and appellee operated Beechwood Dairy in or near Pineville. Under a contract Greene was to furnish to Roberts a stated quantity and quality of milk. In

his petition filed April 22, 1947, Roberts alleged that between April 1945 and June 1946, Greene delivered a quantity of milk that had been adulterated by the addition of water, thus reducing it below "Grade A" milk as was specified in the contract; that he thereafter sold this watered milk to his customers, with the result that he lost more than half his well-established business, and he had thus been damaged to the amount of $25,000 for which sum he asked judgment.

By answer Greene first made general denial; in a second paragraph he plead affirmatively in bar that in June 1946 he filed a petition against Roberts in which he alleged that under their contract he had between April 1945 and June 1946, supplied The Jersey Dairy with 11,467 gallons of milk at 40c per gallon, a total of $4,586.80, on which account Roberts had paid $1,000, leaving due and unpaid a balance of $3,586.80 for which he sought judgment.

Roberts filed "answer and counter-claim" admitting the purchase of milk from Greene between April 1945 and June 1946. In a second paragraph he counter-claimed on the ground that while the contract called for "Grade A" milk Greene had supplied watered or adulterated milk; that he sold it to his established trade, but that because of the impurity of the milk he lost more than half his trade, resulting in his damage to the amount of $25,000. The court sustained general demurrer to paragraph 2 of this pleading. Roberts then filed "amended answer, set-off and counter-claim," which as we view it only amplified the defense set up in the first pleading, but without changing the substance or its legal effect.

On submission the court sustained demurrer to the second pleading and Roberts declined to plead further. The court then sustained Greene's motion to take the allegations of his petition as confessed and the cause was submitted to a jury, resulting in a verdict in Greene's favor for $2,373.25. It is alleged that the judgment entered on the verdict has not been modified, vacated or superseded; there is no claim or showing that appeal was granted, perfected or prosecuted.

Greene in support of his plea in bar filed as exhibits all pleadings, orders and the judgment in action

No. 0-150, Greene v. Roberts, and there is no contention that they do not correctly show the proceedings and result in that action. The final order in the instant case held the plea in bar by Greene good, and dismissed Robert's petition.

Appellee in brief contends that under the facts the doctrine of res adjudicata applies, and cites us to numerous decisions which are applicable. The general rule is that under the doctrine a final judgment on merits, not vacated, modified or superseded, rendered in a court having jurisidiction of parties and subject matter is conclusive of the rights of parties in another suit involving matters at issue in the first suit. The rule goes to the extent of holding that the prior judgment bars litigation of matters which might have been presented and determined in the precedent suit. Reference to a few decisions manifest the force of, and reason for the application of the rule. Potts v. Potts, 298 Ky. 99, 181 S. W. 2d 393; Harris v. Harris, 296 Ky. 41, 176 S. W. 2d 98; Jackson v. Pepper Gasoline Co., 284 Ky. 175, 144 S.W.2d 212; Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868.

Judgment affirmed.