**William WEBB, Appellant,**

v.

**Charles PERRY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1960.

C. Homer Neikirk, Somerset, for appellant.

Leonard S. Stephens, James Inman, Whitley City, for appellees.

WADDILL, Commissioner.

The sole question presented on this appeal is whether the doctrine of res judicata was properly applied by the trial court.

During 1943, William Webb (appellant herein) purchased a certain 600-acre tract of land from Sam West. Shortly thereafter Webb brought an action against numerous persons who were occupying certain parts of the property he had purchased from West. The complaint stated that defendants were trespassing upon plaintiff's property, cutting timber, and were asserting ownership to certain parts of the land. An adjudication of the legal rights of the parties was sought. An agreed judgment was entered establishing a boundary of the tract Webb had purchased from West. The acreage embraced within the boundary was considerably less than the 600 acres called for in Webb's deed. The judgment left the defendants in possession of the land they occupied prior to the suit.

During 1958, appellant filed the instant action against Charles Perry and others to quiet title to the property he obtained under the deed from Sam West. The trial court found that the parties and the subject matter involved in both of the actions were identical, and therefore held that res judicata acted as a bar to the second suit.

Appellant contends that the doctrine of res judicata cannot be invoked as a bar to the instant action because there were several issues involved in the former action causing the former judgment to be ambiguous as to which of those several issues was the basis of the former judgment. We find no merit in the contention in view of the fact that the basic issue in both actions was which of the parties had the legal right to possession of the land. Appellant also urges that the subject matter of the two actions is not the same because not all the land in question in the present suit was involved in the former action. This contention overlooks the consequence of the application of the doctrine of res judicata which bars further litigation not only as to matters decided in a previous suit but also as to matters which properly belonged to the subject of the litigation in the former suit which the parties by reasonable diligence might have brought forward. Commonwealth v. Givens, Ky., 299 S.W.2d 799; Potts v. Potts, 298 Ky. 99, 181 S.W.2d 393; Harris v. Harris, 296 Ky. 41, 176 S.W.2d 98.

Appellant further insists that since Katherine Perry, a defendant herein, was not a party-defendant in the former action, the parties in the two actions are not identical. The contention lacks merit because Katherine Perry became a party to the first

action when she filed answer therein. The determination made by the trial court that all parties in the instant action (or their privies) were party-litigants in the first suit is supported by the record.

Judgment affirmed.